LEHIGH PORTLAND CEMENT COMPANY, Plaintiff, *v.* CITY OF POUGHKEEPSIE and Others, Respondents, Impleaded with MACK MANUFACTURING COMPANY, Appellant, and FAIRVIEW IMPROVEMENT COMPANY and Others, Defendants.

Second Department, July 31, 1917.

**Mechanic's lien — municipal improvement — acts of municipality equivalent to acceptance of improvement — time of filing lien — failure to comply with express terms of contract — when lienor has priority over subsequent assignee.**

Where a contract for a municipal improvement provided that upon the completion of the work and a certificate of approval signed by the city engineer and filed with the board of public works, said board will certify the same and accept the work within fifteen days after filing, and on the completion of the work an assessment roll for the improvement was accepted by the board of public works and approved and sent to the common council, a subcontractor who filed a lien after the expiration of said fifteen days obtained a valid lien, although the certificate of approval was never filed with the board of public works, and that board never formally accepted the work.

Said lien is superior to the title of a person to whom the contractor subsequently assigned all moneys due under the contract, after it was adjudged bankrupt.

APPEAL by the defendant, Mack Manufacturing Company, from part of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Dutchess on the 7th day of June, 1916, upon the decision of the court after a trial before the court without a jury.

The judgment limited the appellant's recovery herein to a claim against the trustee in bankruptcy of the chief contractor, the Bridgeport Construction Company.

*Laurence E. Sherwood,* for the appellant.

*Morschauser & Mack,* for the respondent William H. Frank.

PUTNAM, J.:

The Bridgeport Construction Company had two contracts with the city of Poughkeepsie for street paving, under which it claimed certain moneys from that city. Among its subcontractors was the Mack Manufacturing Company, which had furnished paving blocks, on which the subcontractor claimed a balance, over part payments, of $2,196.74.

It is conceded that this work was completed in October, 1914. About November twelfth the city engineer, who was also superintendent of public works, examined the work and then presented to the board of public works the assessment roll, which was approved and sent to the common council. The contract with the Bridgeport Construction Company had this clause: " It is hereby agreed that upon the completion of the work and the certificate of approval thereof, signed by the engineer, and filed with the Board of Public Works, the said Board will certify to the same and accept said work within fifteen days after the filing."

No such certificate of approval was ever filed with the board of public works, and that board has never formally accepted the work. On December 5, 1914, the Bridgeport Construction Company was adjudged bankrupt. Appellant filed its notice of lien on January 6, 1915, with the proper city officials of Poughkeepsie.

However, on January 26, 1915, the Bridgeport Construction Company filed with such city officials an assignment dated July 28, 1914, of all moneys due under such contracts to the defendant William H. Frank.

On this appeal the issues are between Mr. Frank as such assignee and the appellant. The single point raised is whether appellant's notice of lien was seasonably filed, that is, within thirty days after the acceptance of the public improvement, under section 12 of the Lien Law (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], § 12, as added by Laws of 1911, chap. 873).*

Considering that a subcontractor has to submit to the express terms of the main contract (*Szemko* v. *Weiner*, 176 App. Div. 620), we think appellant was entitled to rely on the provision for acceptance embodied in this contract, which was on the public files of the city. The liberal construction required by section 23 of the Lien Law would not be followed by the court, if we should hold that this subcontractor had lost the right to file a lien through an acceptance of the improvement in November, without any certificate or other formal evidence, such as the contract specified.

It follows that the judgment should be modified so as to sustain the appellant's lien. The tenth finding of fact should, therefore, be modified, with a conclusion of law to the effect that the appellant has a valid, subsisting lien against the fund in the hands of the treasurer of Poughkeepsie, applicable to this improvement, for $2,196.74, with interest from November 12, 1914, after payment to plaintiff, and prior to the claims of defendants Arnold as trustee in bankruptcy, and of William H. Frank, and as thus modified the judgment is affirmed, with costs of this appeal to said appellant.

Jenks, P. J., Thomas, Stapleton and Blackmar, JJ., concurred.

Judgment modified in accordance with opinion, and as so modified affirmed, with costs of this appeal to the appellant. Order to be settled on notice.

* Since amd. by Laws of 1916, chap. 507.— [Rep.