I. C. ALAMAR, Doing Business under the Firm Name and Style of SCRANTON PLATE GLASS COMPANY, Plaintiff, v. DUNBAR CONSTRUCTION COMPANY and Others, Defendants.

Supreme Court, Erie County, April 4, 1934.

*Yellen & Yellen*, for the plaintiff.

*McIntyre & Holt* [*George W. Holt* of counsel], for the defendant Dunbar Construction Company.

*Harry J. Kelly*, for the defendants Henry Burgweger and Elmer J. Doyle.

*Cravath, de Gersdorff, Swaine & Wood* [*J. D. Lee* of counsel], for the defendant Kalman Steel Corporation.

*E. John Ernst, Jr.* [*Robert Harrington* of counsel], for the defendant Richmond Screw Anchor Co., Inc.

*Slee, O'Brian, Hellings & Ulsh* [*John Van Sickle* of counsel], for the defendant Art Metal Construction Company.

*Aaron & Dautch* [*Max Davidoff* of counsel], for the defendant United States Gypsum Company.

*Kelly & Davison* [*James Kelly* of counsel], for the defendant George Tyler.

*Thurman W. Stoner* [*James E. Owens* of counsel], for the defendant Reed.

*Burroughs A. Strickland*, for the defendants Teede and Vick.

*C. De Forest Cummings* [*Rollin Tills* of counsel], for the defendant Bergner & Co., Inc.

*Harrington & Harrington* [*Henry Harrington, Jr.*, of counsel], for the defendant Alexander N. Watt.

*John J. Bennett, Jr., Attorney-General* [*Vincent Tauriello* of counsel], for the People of the State of New York.

*Israel Rumizen*, for the defendant Joseph A. Sanders, Inc.

*Edw. J. Culligan* [*Max Davidoff* of counsel], for Bison Builders' Supply.

*James L. Brewer*, for the defendants Natarelli and Reynolds, and Freickefel.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*William C. Fay* of counsel], for the Standard Accident Company.

CHARLES B. WHEELER, Official Referee. This is an action to determine the rights and equities of the parties to this action in a fund now in the hands of the State of New York, growing out of a contract of the defendant Dunbar Construction Company with the State for the erection of a school building at Albion, N. Y.

The contract has been completed and accepted by the State, and there is now due and owing by the State the sum of $8,610 for the work done.

Against this fund various claims are asserted by way of liens and assignments, and, as a result, controversies have arisen as to rights and equities of various parties in the distribution of the fund.

In this opinion the referee has discussed only such claims as are in dispute and the liens filed and not discussed are to be deemed allowed.

### AS TO THE CLAIM OF THE DEFENDANT HENRY BURGWEGER.

The Dunbar Construction Company, on September 9, 1932, assigned to the defendant Henry Burgweger all moneys due or to grow due it by reason of its contract with the State for the erection of the school building at Albion, N. Y. This assignment was properly filed and it appears that Burgweger, by reason of said assignment, practically financed the Dunbar Construction Company in carrying out its contract. Burgweger furnished the money to meet the payrolls of the job, and advanced money to materialmen and subcontractors of the Dunbar Construction Company.

On October 29, 1932, the Kalman Steel Corporation filed a lien against the fund for $1,238.35. This lien was discharged by the giving of the required undertaking for its payment, and by order of the court the lien was discharged. Other liens were later filed and discharged.

The next unsatisfied lien is that of the Richmond Screw and Anchor Co., Inc., dated February 23, 1933, for $167.95, which was followed by other liens for various amounts.

Section 25 of the Lien Law provides that an assignee of money whose assignment is duly filed prior to the filing of a notice of lien

shall have priority over lienors to the "extent of advances made upon such assignment before the filing of the notice of lien or assignment next subsequent to his assignment, but as to advances made subsequent to a notice of lien or assignment filed and *unsatisfied* such assignee for the purpose of determining his proportionate share of moneys available for distribution as provided in subdivision four of this section shall be treated as a lienor having a lien to the extent of advances so made."

In other words, as to advances made subsequent to a notice of an unsatisfied lien, the assignee loses his right of priority, and shares *pro rata* in the distribution of the fund with other lienors.

A lien may be filed, but if subsequent to its filing, it is discharged, it places the assignee in the same position as to priority for advances made thereafter. (*National Lumber Co.* v. *Braun & Son, Inc.*, 237 App. Div. 426.)

It is to be noted that the statute as to advances made subsequent to a notice of lien or assignment uses the words, "*filed and unsatisfied*," clearly indicating the satisfaction of prior liens restores the assignees to all rights of priority in distribution of the same as though such liens were never filed.

It follows that the defendant Burgweger is entitled to priority in distribution for legitimate advances made prior to the filing of the lien of the Richmond Screw and Anchor Co., Inc., on February 23, 1933. As to advances made subsequent to that date he must share *pro rata* with other lienors.

We take it that as to advances made prior to that date the assignee has a legitimate claim for priority even though some of the advances made may have been to pay for things connected with the performance of the contracts though not of a strictly lienable nature.

However, as to advances made subsequent to notice of an *unsatisfied lien*, we are of the opinion they must have been made for strictly lienable claims against the general contractor. As to them the assignee is to stand on an equality with other lienors. To hold otherwise, might operate to the prejudice of other lienors. The total advances made by Burgweger up to the 23d day of February, 1933, was the sum of $19,490. Giving Mr. Burgweger credit for all advances made by him prior to February 23, 1933, and charging him with the moneys received by him from the State by virtue of his assignment, leaves a balance of $3,223.23, to which said defendant is entitled to priority of payment.

As to advances made subsequent to February 23, 1933, we find the same to be $10,073.98, for which he must share *pro rata* with other lienors. This represents amount owing for advances subse-

quent to February 23, 1933, but from which should be deducted the sum of $509.85 for non-lienable items later listed.

The defendant Burgweger is also entitled to share *pro rata* with other lienors in the lien filed by Dohn, Fischer & Co., Inc., on August 29, 1933, for $1,139, which lien was assigned by that firm to Burgweger.

In arriving at amount due the defendant Burgweger, for which he is to share with other lienors, the referee has deducted from the amount claimed as not lienable the following items, to wit:

| | |
|---|---:|
| On February 24, 1933, amount paid Ryan & Graves, being balance on premiums on completion bond, fire insurance and estimating on Albion job.............. | $40 00 |
| On February 24, 1933, amount paid Dunbar Construction Company for office expenses.................. | 125 00 |
| On February 28, 1933, amount paid Massachusetts Bonding Company, premium either on Albion job or Grover Cleveland High School job on compensation insurance...................................... | 150 00 |
| On March 14, 1933, amount of freight charges on marble........................................ | 48 85 |
| On March 21, 1933, amount paid M. L. Rupp for hauling......................................... | 116 00 |
| On April 7, 1933, amount paid Pryor Agency for premium on bond to discharge lien of Kalman Steel Company...................................... | 30 00 |
| Total..................................... | $509 85 |

Mr. Burgweger is assignee and owner of lien filed for the sum of $1,139 by Dohn, Fischer & Co., Inc., and is entitled as such owner to the proportionate share of said fund with other lienors.

Mr. Burgweger also put up as collateral to secure the insurance company from liability on giving the bond to discharge the lien of the Kalman Steel Company a United States Liberty bond of $1,000. The value of this bond is not included in arriving at the amount due him. However, on the payment of the liability on such undertaking in whatever way made, said bond becomes the property of Mr. Burgweger.

AS TO THE CLAIM OF THE DEFENDANT ALEXANDER N. WATT.

We find the defendant Dunbar Construction Company is indebted to the defendant Alexander N. Watt for services as superintendent of the work in the sum of $1,040.18, and that he is entitled to priority of payment for said sum as a labor claim under the authority of *Vanderlip* v. *Walker* (144 Misc. 629),

It further appears the Dunbar Construction Company is indebted to said Watt in the sum of seventy-eight dollars and eighteen cents for various items of money advanced and paid by him for the benefit of the company. The referee, however, finds that none of said items or payments are lienable items and are disallowed as entitled to share in the distribution of the fund in the hands of the State.

AS TO THE CLAIM OF THE DEFENDANT STANDARD ACCIDENT INSURANCE COMPANY.

On October 10, 1932, the Kalman Steel Corporation filed a lien against the Dunbar Construction Company in the sum of $1,238.35. Prior to that date and on September 9, 1932, the Dunbar Construction Company had assigned to the defendant Henry Burgweger all sums due or thereafter to become due from the State by reason of its contract.

On November 2, 1932, the Standard Insurance Company, as surety with Dunbar Construction Company as principal, gave its undertaking conditioned for the payment of any amount found due on said lien in an action to foreclose liens filed, and an order of the court was made and entered discharging said lien. The bond was applied for by the Dunbar Company, but Mr. Burgweger paid the premium on the bond, and at the same time deposited with the insurance company a United States Liberty bond for $1,000 as collateral for the protection of the insurance company.

The State, having been released by the giving of said bond, thereafter paid to Mr. Burgweger the amount of said lien by reason of the general assignment of the moneys due the general contractor. The insurance company remains liable on its bond, and the question presented is what right or equity, if any. the insurance company has in the fund to be distributed.

The insurance company disclaims any lien on the fund in the sense in which that term is customarily used. No claim is made that it may participate in the distribution so as to lessen the amount payable to lienors. It is, however, claimed that it should be subrogated to the amount it may be compelled to pay by reason of its bond to any amount the defendant Henry Burgweger may be entitled to receive from such fund by reason of his assignment.

This claim is asserted, not by reason of any provision of the Lien Law, but on general rules of equity governing the relations of principal and surety.

The argument advanced is that Burgweger was in fact by virtue of his assignment practically financing the Dunbar Construction Company in the fulfillment of its contract with the State in order

that he in turn might receive the moneys payable by the State. The filing of the Kalman Company lien prevented the payment to the extent of the lien of such money to Burgweger. So he was interested in procuring the discharge. This was procured by the giving of the bond which was really for Burgweger's benefit, and after its giving, Burgweger, in fact, received the money tied up by the lien. Therefore, it is agreed, that if the insurance company is compelled to pay to the Kalman Steel Company the amount of the lien by reason of any judgment rendered in this action, Burgweger should reimburse the surety company from funds, received or to be received by him.

The referee thinks the argument good, and that equity so requires. We are of the opinion the case of *Levering & Garrigues* v. *Burke, Ltd.*, establishes this to be the law.

The opinion of the trial court is not reported in any official law reports, but the record will be found in " Cases and Points " in the Court of Appeals, volume 3283, in the Buffalo Law Library, which contains the opinion of Justice DIKE. The *Levering* case was appealed to the Appellate Division, and there affirmed without opinion (214 App. Div. 730). It was then carried to the Court of Appeals and again affirmed without opinion (242 N. Y. 865).

The Kalman Steel Corporation lien has been discharged and has ceased to be a lien on the fund, but the amount stated in said lien is still owing and secured by the undertaking given. The decision and judgment herein should establish the amount of said original lien at $1,238.35, with interest thereon, and the Kalman Steel Corporation have judgment therefor against the Dunbar Construction Company and the insurance company as surety.

The judgment should further provide that in case the insurance company pays said amount, it should surrender said $1,000 United States Liberty bond to the defendant Henry Burgweger. It should further provide that it be subrogated to the amount of said judgment to the right of said Burgweger to participate in the distribution of the general fund in the hands of the State, to the end it may be paid from said Burgweger's share in said fund, sufficient to pay said insurance company any amount it may have to pay by reason of its liability on said bond.

Those attorneys who have established liens for their clients are entitled to a trial fee and the plaintiff a full bill of costs payable from the fund.

Let findings be drawn in accordance with the views above expressed.

So ordered.