W. A. BROCKHURST COMPANY, INC., Respondent, *v.* THE CITY OF YONKERS et al., Appellants, and THOMAS McVICAR et al., Respondents, Impleaded with Another.

(Argued March 9, 1936; decided April 14, 1936.)

460

*Leonard G. McAneny, Corporation Counsel (John J. Broderick* of counsel), for appellants. The liens of the respondents Clinton N. Hernandez, Inc., Thomas Johnston, the Dextone Company, Thomas McVicar, Edward Campbell, American Asphalt Tile Corporation and Joseph C. Ryan & Sons, Inc. are invalid. (*Toop* v. *Smith,* 181 N. Y. 283; *Berger Mfg. Co.* v. *City of New York,* 206 N. Y. 24; *Gray Marble & Slate Co.* v. *Schaefer,* 206 App. Div. 167; *Milliken Brothers, Inc.,* v. *City of New York,* 201 N. Y. 65; *Danziger* v. *Simonson,* 116 N. Y. 329; *Bradley* v. *Huber,* 146 App. Div. 630; 210 N. Y. 627.

*Francis J. Duffy* for plaintiff, respondent.

*William R. Hogan* for Clinton N. Hernandez, Inc., and Thomas Johnston, defendants, respondents. The liens of the respondents Clinton N. Hernandez, Inc., and Thomas Johnston are good and valid. (*De Pace & Juster, Inc.,* v. *Eleven Hundred Park Ave., Inc.,* 237 App. Div. 875; 262 N. Y. 584; *Arrow Iron Works* v. *Greene,* 139 Misc. Rep. 265; 235 App. Div. 712.)

*Herman D. Furman* for Joseph C. Ryan & Sons, Inc., defendant, respondent. Liens filed by defendant-respondent Joseph C. Ryan & Sons, Inc., were filed in accordance with the statutory requirements. (Cons. Laws, ch. 33, § 12; *Berger Mfg. Co.* v. *City of New York,* 206 N. Y. 24.) Liens filed after the commencement of an action require no order of extension. (*Arrow Iron Works, Inc.,* v. *Greene,* 247 N. Y. Supp. 4; 255 N. Y. Supp. 931; *Lincoln Nat. Bank* v. *Pierce Co.,* 228 N. Y. 359.)

*Robert T. Crane, Jr.,* for the Dextone Company, defendant, respondent. The Dextone lien has not lapsed, but has been continued by virtue of the provisions of section 18 of the Lien Law. (Cons. Laws, ch. 33; *Arrow Iron Works, Inc.,* v. *Greene,* 139 Misc. Rep. 265; 235 App. Div. 712; 260 N. Y. 330, 698; *Lincoln Nat. Bank* v. *Pierce Co.,* 98 Misc. Rep. 325; 228 N. Y. 359; *Lackawanna Steel Constr. Co.* v. *Longacre E. & C. Co.,* 151 Misc. Rep. 17; *Newman Lumber Co.* v. *Wemple,* 56 Misc. Rep. 168.)

*Edward A. Fay* for Thomas McVicar, defendant, respondent. Both liens, and in particular the second lien, were filed in accordance with the statutory requirements. (*Bradley* v. *Huber,* 146 App. Div. 630: 210 N. Y. 627.) The second lien is valid. (*Berger Mfg. Co.* v. *City of New York,* 206 N. Y. 24.) Liens filed after the commencement of an action require no order of extension. (*Arrow Iron Works, Inc.,* v. *Greene,* 139 Misc. Rep. 265; 235 App. Div. 712; 260 N. Y. 330.)

*John Ewen* and *Clifford S. Bostwick* for American Asphalt Tile Corporation, defendant, respondent. The appellants having failed to reply to the counterclaim in respondent's answer, asking that the lien be adjudged valid, and having made no objection to it on the trial, are not in a position to object to it on this appeal. (Cons. Laws, ch. 33, §§ 42, 43; *Duffy* v. *McManus,* 3 E. D. Smith, 657; *Mellen* v. *Athens Hotel Co.,* 149 App. Div. 534; Civ. Pr. Act, § 243; *Dwelle-Kaiser Co.* v. *Frid,* 233 App. Div. 427; 259 N. Y. 546; *Arrow Iron Works, Inc.,* v. *Greene,* 139 Misc. Rep. 265; 235 App. Div. 712; 260 N. Y. 330; *Romeo* v. *City of Yonkers,* 126 App. Div. 402; 196 N. Y. 546.) The respondent's lien was duly filed and was valid in all respects. (Cons. Laws, ch. 33, § 12; *Milliken Bros., Inc.,* v. *City of New York,* 201 N. Y. 65; *Colon & Co.* v. *Smith,* 226 N. Y. 101; *Bader* v. *City of New York,* 51 Misc. Rep. 358; *Arrow Iron Works, Inc.,* v. *Greene,* 139 Misc. Rep. 265; 235 App. Div. 712; 260 N. Y. 330; *Maas*

v. *Olmstead*, 127 Misc. Rep. 158; *Bluff Point S. Co.* v. *U. S. F. & G. Co.*, 180 App. Div. 832; *Dwelle-Kaiser Co.* v. *Frid*, 233 App. Div. 427; 259 N. Y. 546; *Davis Lumber Co.* v. *Blanchard*, 175 App. Div. 256.)

*J. G. Fink* for Fred L. Hewes, Inc., et al., defendants, respondents.

*I. J. Beaudrias* for Yonkers Builders' Supply Company, defendant, respondent.

*Maurice B. Rich* for Oscar Ottoson & Co., Inc., et al., defendants, respondents.

*Walter B. J. Mitchell* for Edward Campbell, defendant, respondent.

*Per Curiam.* The judgments should be modified by disallowing the liens of Hernandez, Inc., and of Thomas Johnston, and as so modified affirmed, with costs to the successful lienors who have filed briefs against the city of Yonkers.

Section 62 of the Lien Law (Cons. Laws, ch. 33, as amd. by L. 1929, ch. 515) applies in terms only to a " lienor." When Hernandez and Johnston came into the pending action as parties defendant, they were not lienors, nor were they lienors at any subsequent point of time. We find no distinction between liens filed before and liens filed after the commencement of an action so far as the application of the Lien Law, section 21, subdivision 2, is concerned. Some degree of diligence is still exacted from a party claiming the benefits of the Lien Law. He cannot rely wholly upon the solicitude of the courts to protect laborers and materialmen.

As to Ryan, Campbell, McVicar and Dextone liens, we think invalidation would be carrying technicality to an extreme. When they were made original parties defendant, it may be that their original liens had lapsed. Nevertheless, it cannot be said they were improperly joined. The plaintiff was not bound to determine the point at

his peril. The status of each of those defendants was made sufficiently firm by the filing of new notices after the action was begun. Being already in the action, it would have been futile to make application under section 62.

The other lien requires no discussion.

The judgments should be modified in accordance with this opinion and as so modified affirmed, with costs to the successful lienors who have filed briefs against the city of Yonkers.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.