In the Matter of FLUSHING ASPHALT CORPORATION, Petitioner.
WILLIAM E. CARBERRY, Respondent.

Supreme Court, Special Term, Queens County, November 22, 1946.

*Samuel L. Meltz* for petitioner.

*Gabriel E. Torre* for respondent.

FROESSEL, J. Application, pursuant to subdivision 7 of section 21 of the Lien Law, for an order summarily discharging a mechanic's lien filed by the respondent Carberry on September 19, 1946, in the offices of the President of the Borough of Queens and the Treasurer of the City of New York for the sum of $12,000 against funds due to the petitioner under three separate and distinct contracts with the President of the Borough of Queens.

Upon this application, petitioner claims: " V. That the said alleged mechanics lien is defective and does not comply with Section 12 of the Lien Law, in the following particulars: (a) It is filed against the moneys due on three separate and distinct contracts covering three separate and distinct jobs in different localities, whereas the Lien Law requires the filing of a lien against the moneys due on each contract separately.

" (b) Said purported mechanics lien fails to set forth and allege that thirty days have not elapsed since the completion and acceptance of said public improvement.

" (c) That the said William E. Carberry was not entitled, under the provisions of the Lien Law, to file said lien for the reason that he was not a sub-contractor or a person performing work or furnishing materials for such public improvements. That said Carberry was an employee of your petitioner and was paid a regular weekly salary by your petitioner."

Petitioner here proceeds under subdivision 7 of section 21 of the Lien Law which authorizes the court summarily to discharge of record a defective lien, " Where it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where the notice of lien is invalid by reason of failure to comply with the provisions of section twelve of this article, or where it appears from the public records that such notice has not been filed in accordance with the provisions of section twelve of this article * * *."

The objections will be taken up in their inverse order. As to objection (c), it does *not* appear " from the *face* of the notice of lien that the claimant has no valid lien by reason of the character of the labor " furnished and for which a lien is claimed. In the notice of lien, the lienor sets forth that he performed work, labor and services in the supervision of the three contracts in question. The petition concedes that he " was

an employee \* \* \* and was paid a regular weekly salary by your petitioner." This would bring him within the provisions of section 5 of the Lien Law. (*Alamar* v. *Dunbar Construction Co.,* 151 Misc. 30, 34; *Stryker* v. *Cassidy,* 76 N. Y. 50.) The answer asserts that the lienor performed work " under an employment contract at a fixed compensation per week, plus 33-1/3% of the net profits *of the business* of the contractor \* \* \*, including the public improvements, the object of the within lien." (Italics mine.) Inasmuch as there is no dispute about the fact that the lienor was an employee of the contractor, and the *face* of the notice of lien does not disclose that any part of the amount claimed therein represents one third of the *net profits of the business* (as distinguished from the net profits of the contracts in question) of the contractor, it cannot be said as a matter of law that the lien is defective.

There is no merit in objection (b). Section 12 of the Lien Law prescribes what the notice of lien on account of public improvements shall state. It does not provide that the lienor must set forth " that thirty days have not elapsed since the completion and acceptance of the said public improvement." It is sufficient if the notice of lien is in fact filed within thirty days after the completion and acceptance of the work. As was said in *Milliken Bros., Incorporated,* v. *City of New York* (201 N. Y. 65, 71): " Both of these requirements, completion and acceptance, are usually questions of fact." Such issue of fact may not be decided on this application.

In my opinion objection (a) must be sustained. The notice of lien sets forth: " 4. The public improvement on which the work, labor and services were performed are:

" Contract No. 147140, 43rd Street, 50th Avenue to Cemetery Highway,

" Contract No. 146861, 35th Street, 23rd Avenue to Ditmas Boulevard, and

" Contract No. 146863, 23rd Street, 31st Avenue to 31st Avenue and Crescent Street, 31st Avenue to Broadway.

" all in the Borough of Queens, City and State of New York."

Thus we have four separate highways involved in three separate contracts, each contract being a separate public improvement. A reading of the provisions of the Lien Law indicates clearly that all references to " public improvement " and " contract " are made in the singular, and nowhere may there be found any authority for lumping public improvements at scattered locations in a single notice of lien, and without reference to the amounts separately due under each contract. The alleged

lien may be valid as to one improvement and invalid as to another; questions may arise as to the adjustment of priorities of conflicting liens; and there is clear indication that the Legislature did not intend that a valid lien upon three separate public improvements could be acquired by the type of notice here challenged. (See *Buhler Co.* v. *New York Dock Co.,* 170 App. Div. 486.) The lienor's attorney in his brief suggests that if this objection is sustained, it " would not be fatal since Section 12-a of the Lien Law provides that in a proper case the Court may make an order amending a notice of lien upon a public or private improvement nunc pro tunc." This statute may not be considered upon this application in view of the fact that its provisions with respect to notice have not been complied with.

Accordingly, the application must be granted without prejudice to any other remedy available to the lienor.

Settle order on notice.