Samuel W. Eagek, J.
This is an application pursuant to subdivision (6) of section 19 of the Lien Law to vacate a notice of mechanic’s lien. The question here is as to whether or not the notice of lien was filed within the four months’ period. It is well settled that where a notice of lien is sufficient according to the face thereof and the recording data, the court may not, upon summary application, pass on disputed issues of fact, and, on resolving them in owner’s favor, discharge the lien. (See Matter of Miller, 133 N. Y. S. 2d 421 and cases cited.) Here, by the data appearing upon the notice of lien, it would appear to have been timely filed, but, on the other hand, an itemized statement furnished by the lienor pursuant to section 38 of the Lien Law would indicate that the lien was not filed within a period of four months from the time of last furnishing of materials. While I agree with dicta of Justice Hogan in Matter of J. D. H. Builders (155 N. Y. S. 2d 121, 122) “ that the itemized statement, in effect a bill of particulars, may.be considered in determining the sufficiency of the notice of lien ’ ’, I believe that where there is a discrepancy between the notice of lien and the bill of particulars, a bill of particulars would be amendable in accordance with the true facts. A notice of lien may be amended (see Lien Law, § 12-a) so, why not a bill of particulars.
It is true that the owner presents very convincing evidence that the lien was not timely filed, and there is a charge of fraud. However, we have here to support the claim of timely filing, a verified notice of lien giving a specific date as the date of the last furnishing of materials (which date shows a filing within the four months’ period); and an affidavit by the secretary of the lienor that, “ a typographical error which went unnoticed appears in said statement,” — that is, as to the date appearing in the statement furnished pursuant to section 38 of the Lien Law. I am not convinced that these statements under oath are “patently false and dishonest” as claimed by the owner’s attorney, for such is indeed a serious charge, and, in any event, I feel there is an issue of fact here which may not be resolved on summary application.
The remedy of the lienor is to bond the lien (see Lien Law, § 19, subd. [4]) or to require foreclosure (see Lien Law, § 59) and move for summary judgment.
Submit order on notice.