James J. Conroy, J.
The owner of a parcel of real estate against which a mechanic’s lien was filed moves to discharge the notice thereof for the reason that the lienor has allegedly failed to comply with the provisions of section 10 of the Lien Law, in failing to file the notice of mechanic’s lien within four months of the completion of the work and the furnishing of materials involved.
The lienor opposes upon the ground that there is no authority for this summary application to discharge the notice of lien unless the defect appears upon the face thereof and that such defect does not so appear since the notice of lien alleges that'the last day upon which work, labor and services were performed and materials furnished was May 15, 1957 and the lien was admittedly filed on September 13, 1957 or within the statutory period of four months.
The petitioner has not furnished the court with a copy of the notice of lien. The petitioner admits that the notice of lien, as filed, states that the last item of work and materials furnished was on May 15, 1957 and that the lien was filed on or about September 13, 1957 “ exactly four months after the date set forth in said lien for the completion of the work and the furnishing of the materials.” The basis of the application is the contention that the date — May 15, 1957 — is incorrect and has only been inserted therein for the purpose of permitting and allowing the filing of this lien.
It has been held that the Lien Law “ does not empower the courts to cancel or discharge mechanics’ liens upon a summary *253 application upon any grounds other than those specified in that law and there is no inherent power in the courts to cancel or discharge a mechanic’s lien.” (Matter of Supreme Plumbing Co. v. Seadco Bldg. Corp., 224 App. Div. 844.) The instant application was made pursuant to the provisions of subdivision (6) of section 19 of the Lien Law. Here, according to the affidavit of the petitioner, himself, the lien was filed within the four-month period provided by section 10 of the Lien Law. Consequently, there can be no summary disposition.
True, petitioner contends that the alleged statement in the notice of lien that the last item of work was performed and the last item of materials furnished on May 15, 1957 is incorrect and was inserted only for the purpose of the filing of the lien. Such objection, however, does not come within the ambit of subdivision (6) of section 19 of the Lien Law since it does not appear upon the face of the notice of lien. The issue thus raised may be disposed of in the action. (Matter of Jory Constr. Corp. [Westchester Square Sash & Door Co.], 6 Misc 2d 701.)
The application is accordingly denied.
Submit order.