Charles A. Loreto, J.
Motion for an order vacating, canceling and discharging of record four notices of lien filed by a subcontractor against moneys due or to become due to the general contractor under several contracts for public work entered into between the latter and the Board of Education of the City of New York.
The defects claimed in the four notices of lien are: (1) that each of them fails to state the date when the amount therein claimed became due or would become due; (2) that the lienor lost its right to file a lien by reason of its express waiver in writing; and (3) that the notices of lien willfully and deliberately exaggerate the amounts claimed therein.
The court will consider these charges seriatim. As to the first, section 12 of the Lien Law states: “ The notice [of lien] shall state * * * the amount claimed to be due or to become due, the date when due ”. Realizing the omission of a statement of date when the amount claimed became due or would become due, the attorney for the lienor in his answering affidavit has requested the court to grant an order permitting an amendment of such notice of lien to include a recital of those dates, asserting that it was an inadvertent clerical error. Section 12-a of the Lien Law provides: “In a proper case, the court may, upon five days’ notice to existing lienors, mortgagees and owner, make an order amending a notice of lien upon a public or private improvement, nunc pro tunc.” The application of the lienor contained in the answering affidavit does not constitute the five days’ notice required by the statute. In one case, this requirement has been held to be mandatory to permit the court to entertain such application (Matter of Flushing Asphalt Corp. [Carberry], 188 Misc. 304). However, this objection is not seriously pressed by the attorney for the petitioner, for if it were sustained, a proper notice seeking the proposed amendment could readily be served.
Therefore, the real question is whether the omission is a defect of substance, not curable by amendment. It has been declared that “Even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute ”. (Toop v. Smith, 181 N. Y. 283, 289.) Hence, it follows that the power to amend a notice of lien presupposes the existence of a valid lien (Matter of Teicher, Inc., v. Gold, 239 App. Div. 285, 287). The query, therefore, is whether the notices of lien are essentially valid excepting for an error or omission due to oversight or clerical error that may be corrected or supplied by amendment. Amendment of *190 a description of property (Matter of Thomas J. Dorsey, Inc., 240 App. Div. 1005), correction of name (Badalamenti v. Markato, N. Y. L. J., May 8, 1947, p. 1815, col. 6), increase of amount of lien under special circumstances (Matter of O’Neill [Cefali & Dean Constr. Co.], 182 Misc. 838), represent types of defects allowed to be corrected. The court in its research has found a case decided in Special Term, where the omission of the date when the amount became due under a public improvement lien was permitted to be inserted. (De Rosa v. Granta Constr. Co., N. Y. L. J., Aug. 12, 1941, p. 329, col. 2 [Cuff, J.].) There the court found there was no merit to the objection to the granting of such relief interposed by 1 out of 30 parties.
At bar there is objection by the only other party concerned, and the court cannot say that it is without merit. The complete omission of the date when the amount claimed became due is a serious one. The operation of any applicable limitation of time is dependent upon that date. Whether this omission was due to the fault of a clerk or any other person, the result is that the notices of lien are vitally defective, lacking an essential statement that the statute prescribes. Therefore the lienor is not entitled to the aid of section 12-a of the Lien Law. Although the court may construe the purpose and scope of this provision of the act, it is not empowered to create rights where none exist.
Furthermore, the contracts signed by the lienor contain a provision expressly waiving its right to file a lien. This waiver is, therefore, binding under section 34 of the Lien Law. (MacArthur Concrete Pile Corp. v. Kew Queens Corp., 276 App. Div. 1015.)
The claim that the notices of lien are willfully exaggerated is unsubstantiated.
The motion is accordingly granted. Submit order on notice.