Henry A. Hudson, J.
The petitioners, the owners of premises in the Town of New Hartford, Oneida County, New York, have moved pursuant to subdivision (6) of section 19 of the Lien Law to discharge the lien filed November 27, 1959 in the Oneida County Clerk’s office against the real property owned by them.
The lien in question was filed by Frank H. Townsend, who, pursuant to a contract with the petitioners dated October 31, 1958, had undertaken the construction of a home for the petitioners, for the sum of $35,000. The notice of lien stated the agreed price of labor performed and material furnished to be $35,000, the balance due and unpaid thereon to be $8,000, the date that the first work was performed and first materials furnished to be November 15, 1958 and the time when the last work was performed and last material furnished to be August 1, 1959. The lien, as filed November 27, 1959, on the face thereof, would, therefore, appear to be filed within the four months’ statutory period fixed by section 10 of the Lien Law.
The lienor, pursuant to a demand made upon him under section 38 of the Lien Law, furnished a sworn statement in which he set forth that no work was performed subsequent to July 26, 1959. He attached a copy of the contract, pursuant to which he alleges his mechanic’s lien is based, and refused to furnish an itemized statement of labor and materials on the ground that the lien was predicated upon the contract which was for an agreed sum of money.
I am of the opinion that the statement furnished pursuant to section 38 of the Lien Law can be considered by me upon this application. (Matter of J. D. H. Builders, 155 N. Y. S. 2d 121.)
However, the statement furnishes only the last date of the performance of work, July 26, 1959. It does not set forth the date that the last materials were furnished, which in the lien is given as August 1, 1959. Consequently, while the lien itself on its face would still indicate that it was timely filed, as far as materials furnished were concerned, it would nevertheless appear that insofar as it pertained to work performed, it would not be timely filed.
The lienor, Frank II. Townsend, filed an answering affidavit in which he stated that the lien was filed to cover work performed and materials furnished pursuant to a written contract *255 which had not been completed because the petitioners had ordered a stoppage of work under the contract and previously thereto had interfered with the conduct of the work under the contract. He further stated that the contract was still in full force and effect. He asserts that the lien in question had, therefore, been filed before the completion of the contract, and the filing therefore is timely under subdivision (6) of section 19. This would seem to conflict with the theory on which the lien was originally filed.
The petition itself contains no statement in respect to the time of the termination of the contract or the stoppage of work thereunder and in fact makes no reference thereto. The application, as far as the petition is concerned, is based on the date stated for the furnishing of the last labor and materials. It is apparent that there are a number of questions which need clarification. Whether these questions of fact are disputed is not clear as the moving papers of both parties are completely inadequate to inform the court. If the questions of fact which are material to a summary discharge of the lien under the provisions of subdivision (6) of section 19 of the Lien Law are disputed, the matter cannot be summarily decided, as such questions of fact can only be determined upon a trial. (Matter of Jory Constr. Corp. [Westchester Square Sash & Door Co.], 6 Misc 2d 701; Matter of Yeshiva Rabbi Dov Revel of Forest Hills v. Nonpareil Concrete Co., 9 Misc 2d 252; Matter of Saddle Rock Homes Corp., 107 N. Y. S. 2d 900.)
If there are no disputed questions of fact, the question here involved might be summarily determined provided the moving papers set forth such undisputed facts sufficiently and it appeared therefrom that the lien in question was not timely filed.
Under the present state of the proceeding the statement furnished by the lienor pursuant to section 38 is completely inadequate. The petitioners failed to require the furnishing of the additional, necessary information, as they could have done under the provisions of section 38. Moreover, neither party furnished the date the contract was allegedly breached. The situation present on this motion is very similar to that considered in Matter of Jory Constr. Corp. (Westchester Square Sash & Door Co.) (6 Misc 2d 701, supra) which I believe is controlling on the determination of this motion.
The motion is denied, without costs, and without prejudice to the petitioners to renew this application upon proper papers, if they are so advised.