■ In the Matter of N. W. DEVELOPERS, Inc., Respondent, v JEREMIAH BURNS, INC., Appellant.—Order, Supreme Court, New York County, entered June 17, 1976, which granted petitioner's motion for reargument and upon reargument vacated an order entered March 22, 1976, and adhered to the court's original decision dated October 7, 1975, granting petitioner's application to discharge a mechanic's lien, unanimously reversed, on the law, with $40 costs and disbursements of this appeal to appellant, and upon reargument the motion to discharge the mechanic's lien denied, and the matter remanded for a hearing on the trial of the foreclosure proceeding. Initially, it is noted that the oral application made to this court upon argument of the instant appeal to supplement the record on appeal is granted to the extent of accepting and considering as part of the record the letter of the New York City Housing Authority, dated June 3, 1975, addressed to Jarvis, Pilz,

Buckley & Treacy, Esqs., and the "Certificate of Final Acceptance" issued by the said authority. These papers are clearly part of the original application to discharge the lien and no objection is urged to their inclusion in the record. Considering the merits of the appeal, note is taken of section 12 of the Lien Law which provides in pertinent part that "at any time before the construction or demolition of a public improvement is *completed and accepted* by the * * * public corporation, and within thirty days after such *completion and acceptance,* a person performing work for or furnishing materials to a contractor * * * may file a notice of lien". (Emphasis supplied.) Lienor filed a lien on April 11, 1975. Petitioner contends that the filing was not timely, asserting that the work was accepted and completed on February 10, 1975. The lienor argues that the final acceptance did not occur until the issuance of the "Certificate of Final Acceptance" which is dated July 2, 1975, albeit the date set forth in that certificate as the date of completion is February 10, 1975. Patently, the date set forth *in* the certificate is not dispositive when considered under the terms of the agreement between petitioner and the New York City Housing Authority. Section 12 of the Lien Law is to be viewed in the context of the contractual provisions between the contractor (petitioner) and the public corporation relating to completion and acceptance of the work. Clause 34 of that agreement provides in part as follows: "A. Notice. When the Work is *substantially complete,* the Contractor shall notify the Authority * * * B. Final Inspection. If the Authority determines that the state of preparedness is as represented it will make the arrangements necessary to have final inspection * * * C. Certificate of Final Acceptance. *After completion and final inspection* of all Work *and after any defects discovered* in the Work *have been corrected* by the Contractor, the Authority will issue a Certificate of Final Acceptance" (emphasis supplied). As aptly noted in *Biondo v City of Rochester* (18 AD2d 78, 84–85): "The significant date in section 12 of the Lien Law is the completion *and* acceptance by the public corporation. The requirement is in the conjunctive and both branches must be met, as questions of fact, before the time starts running. *(Milliken Bros. v. City of New York,* 201 N. Y. 65, 71; *Matter of Flushing Asphalt Corp. [Carberry],* 188 Misc. 304, 306.) 'Completion refers to the termination of the physical work; acceptance to the formal act by the state or public corporation whereby it is recognized that the contractor has performed his contract, and the improvement may be taken over by the state.' (Blanc, Mechanics' Liens, pp. 494–495.) The requirements as to the formalities of acceptance may be specified in the contract itself, in which case they must be followed as set forth. *(Lehigh Portland Cement Co. v. City of Poughkeepsie,* 179 App. Div. 368.) Moreover, if the requirement is in the contract, a subcontractor may rely thereon in gauging the time within which to file his notice of lien, and until certificates of acceptance are filed as may be required, he may acquire a valid lien, regardless of actual completion. (Blanc, Mechanics' Liens, p. 495; *Lehigh Portland Cement Co. v. City of Poughkeepsie, supra; Brockhurst Co. v. City of Yonkers,* 150 Misc. 623, 628, affd. 244 App. Div. 799, mod. on other grounds 270 N. Y. 459; *President and Directors of Manhattan Co. v. City of New York,* 125 N. Y. S. 2d 504, 506; *Morant v. Cestone Constr. Co.,* N. Y. L. J., Feb. 3, 1937, p. 591, col. 5.)" Clearly, lienor herein was entitled to rely on the formalities relating to completion and acceptance set forth in the agreement. In this connection, petitioner's reliance on the letter of the New York City Housing Authority addressed to petitioner, dated February 10, 1975, is misplaced. Perusal of said letter leads to the conclusion that the work may not have been completed as of that date. Therefore, the require-

ment of the statute, i.e., completion and acceptance, may not have occurred with the consequence that the time to file the lien had not yet started. More specifically, while the letter indicates that the authority was taking possession and assumed maintenance and operation of building No. 1, reference is made to that being "without prejudice to the completion and correction of all items on the inspection list." Further, the letter stated that occupancy was not to be construed "as an acknowledgment by the Authority that the work has been done in accordance with the terms of this contract". There was no acknowledgment that the work was then completed. Patently, there are triable issues as to the date of completion and acceptance. It appears that there is a related action now pending in Supreme Court, New York County (Index No. 8742/75) brought by the lienor to foreclose its lien pursuant to section 21-a of the Lien Law. Accordingly, the threshold issue of the validity of the lien in the context of initial factual findings as to whether such lien was timely filed is best reserved for that proceeding. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Nunez, JJ.