Morton B. Silberman, J.
Defendant moves for an order canceling and discharging of record a certain notice of mechanic’s lien filed by plaintiff, upon the grounds that the description of the liened premises is erroneous (Lien Law, § 19, subd [6]).
The subject notice of lien describes the premises as follows:
"(7.) The property subject to the lien is situated in the Town of Southeast, County of Putnam, State of New York, shown and designated as Lot #1 on a certain map entitled 'Subdivision Plat Bassett-I’ Town of Southeast, Putnam County, New York, dated 4-23-75 and amended 5-19-75 and 12-12-75 and filed in the office of the Clerk of Putnam County 7-14-76 as Map # 1521 — same premises 736/723.” (Emphasis added.)
Defendant, the owner of the subject property, contends that the foregoing description is erroneous, because the only work done by plaintiff was on Lot No. 3, Lot No. 1 being an unimproved lot. Plaintiff does not dispute the foregoing, but contends that "the lien filed herein states in Item Number 7 thereof that the property subject to the lien is the same premises as Liber 736, Page 723. Consequently * * * said lien covered Lot Nos. 2 and 3, notwithstanding the fact that only Lot No. 1 was mentioned in a portion of the description.”
It is fundamental that the court has no inherent power to summarily discharge a mechanic’s lien and that its power in that regard is limited exclusively to the grounds enumerated in the Lien Law (see Jensen, Mechanics’ Liens [4th ed], §§ 301, 311, and authorities there cited). Subdivision (6) of section 19 of the Lien Law authorizes summary discharge when, among other things not relevant here, "it appears from the face of the notice of lien that * * * the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article”. (Emphasis added.)
Insofar as relevant, said section 9 (subd 7) of the Lien Law requires a notice of mechanic’s lien to contain a statement concerning "[t]he property subject to the lien, with a description thereof sufficient for identification”. The statutory requirement is satisfied when the description contained in the *925 notice of lien is sufficiently particular to enable one to thereby identify the premises intended to be liened, to the exclusion of all other parcels (Hurley v Tucker, 128 App Div 580, affd 198 NY 534; Jannotta v Noslac Realty Corp., 231 App Div 864).
There is no question but that a notice of lien containing a description which is insufficiently particular is subject to summary discharge pursuant to section 19 of the Lien Law (see, generally, Jensen, Mechanics’ Liens [4th ed], § 193). The difficulty in this case, however, is that the description of the liened premises is clearly sufficient to identify one particular parcel (i.e., Lot No. 1) to the exclusion of all others, but that the parcel so identified is not the intended parcel (i.e., Lot No. 3). In addition, the foregoing defect is not apparent "from the face of the notice of lien” (Lien Law, § 19, subd [6], supra), but only from the extrinsic statements made in support of the within application.
Ordinarily, the only remedy available to an owner who establishes a defect by extrinsic proof is to either bond the lien (Lien Law, § 19, subd [4]) or to compel the lienor to commence a foreclosure action (Lien Law, § 59) and then move for summary judgment (Matter of Jory Constr. Corp. [Westchester Sq. Sash & Door Co.], 6 Misc 2d 701, 702). Such procedure, however, serves no useful purpose where, as here, there are no issues of fact concerning the existence of the defect. In such circumstances, and in the absence of a request for leave to amend, summary discharge should be available to the owner (see Matter of Oster v Townsend, 31 Misc 2d 253, 255).
Accordingly, the application is granted; the subject notice of mechanic’s lien, filed on February 9, 1977, is hereby canceled and discharged of record; and the clerk is directed to mark his records accordingly making reference to this decision and order.