OPINION OF THE COURT
Daniel F. Luciano, J.
In this action to foreclose a mechanic’s lien the defendants, Carmine J. Angrisani and Victor J. Goldman, have made a motion seeking, inter alla, that the court reduce the mechanic’s lien by the sum of $41,274.38 for items alleged to be clearly not lienable.
Whether the court may determine that individual items for which a mechanic’s lien is asserted are not properly lienable and reduce the mechanic’s lien by eliminating such items from the mechanic’s lien requires examination of the provi *459 sions of the Lien Law to determine if authority for such action is provided to the court since the rule is well established that the court has no inherent power to cancel or discharge a mechanic’s lien and that any such power is limited to that specifically granted by the statute. (E.g., Dember Constr. Corp. v P & R Elec. Corp., 76 AD2d 540, 546; Di Camillo v Navitsky, 90 Misc 2d 923; Matter of Milbank-Frawley Hous. Dev. Fund Co. v Marshall Constr. Co., 71 Misc 2d 42.)
First, one Lien Law provision which seems to be clearly not applicable is Lien Law § 12-a (1) which allows the lienor, within 60 days after the original filing, to amend the mechanic’s lien.
Less clearly so, but also concluded to be inapplicable is section 19 (6) of the Lien Law. Pursuant to this section "[w]here it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section 9 of [the Lien Law]” an order may be granted summarily discharging the notice of lien.
The notice of lien in this case does not reflect the inclusion of nonlienable items but states that the labor performed was "[b]uilding/constructing a medical building” and that the material furnished was "[a]ll materials to perform the above.” It has been ruled, however, that the itemized statement provided pursuant to section 38 of the Lien Law may be considered to determine the sufficiency of the lien. (Matter of Oster v Townsend, 31 Misc 2d 253; Matter of Jory Constr. Corp. [Westchester Sq. Sash & Door Co.], 6 Misc 2d 701; Application of J.D.H. Bldrs., 155 NYS2d 121.) The disputed items in this case appear in such itemized statement. The itemized statement reflects that many of the expenses for which a lien is claimed are clearly lienable items, but also reflects the items which the defendants, Carmine J. Angrisani and Victor J. Goldman, claim are as clearly not lienable.
An example of one such item is number "12” which is described as follows: "Represents the payment by the plaintiff, MXP, of a lien in the amount of $15,000.00 filed on or about August 4, 1987 by Sidney Lumber Company for materials furnished between May 14, 1987 and June 8, 1987 to the defendants prior to their association with the plaintiff in good faith for the purpose of enabling the defendants to receive *460 payment under their construction loan from Fidelity New York Savings.”
The defendants’, Carmine J. Angrisani and Victor J. Goldman, assertions that this is not a properly lienable item may be reasonably accepted (see, Lien Law § 3; see generally, Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336) for the purpose of considering whether the improper inclusion of such an item in a mechanic’s lien entitles the property owner to an order modifying the lien by the elimination of the improper item.
It might be argued that if section 19 (6) of the Lien Law allows a summary discharge of an entire mechanic’s lien by reason of the character of the labor or materials furnished, then it should be construed to allow the partial discharge of a mechanic’s lien by reason of the inclusion of some items which are not properly lienable.
The court, however, is aware of no authority construing section 19 (6) of the Lien Law in this manner.
Moreover, it has been specifically resolved that mechanic’s liens which have improperly, but not willfully, included items for which the claimant failed to recover are nevertheless valid. (E.g., Goldberger-Raabin, Inc. v 74 Second Ave. Corp., supra; Waring v Burke Steel Co., 69 NYS 399; John Roshirt, Inc. v Rosenstock, 138 Misc 515.)
Thus, the inclusion of items for which a lien is improperly asserted does not alone invalidate the lien. Since section 19 (6) of the Lien Law speaks of there being "no valid lien” and seems to contemplate a situation in which the mechanic’s lien is to be discharged in its entirety, and not modified by amendment, the court concludes that it does not serve as authority for the relief sought by the defendants, Carmine J. Angrisani and Victor J. Goldman, herein.
Finally, the court has considered the application of section 12-a (2) of the Lien Law to the present case. This section provides: "In a proper case, the court may, upon five days’ notice to existing lienors, mortgagees and owner, make an order amending a notice of lien upon a public or private improvement, nunc pro tune. However, no amendment shall be granted to the prejudice of an existing lienor, mortgagee or purchaser in good faith, as the case may be.”
This section has served as authority for the reduction of mechanic’s liens. (Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.], 37 AD2d 901, appeal dismissed 30 NY2d 515; *461 see, Matter of Pacemaker Constr. Corp. v Heidi Constr. Corp., 12 AD2d 643.)
Significantly, however, the application which was granted in Matter of Upstate Bldrs. Supply Corp. (supra) was the request of the lienor to reduce its own lien.
In Matter of Pacemaker Constr. Corp. v Heidi Constr. Corp. (supra) the lienor and the owner had made cross applications. The mechanic’s lien as originally filed applied to 24 lots, three of which had been sold prior to the filing of the mechanic’s lien. The lienor’s application to amend the notice of lien pursuant to section 12-a of the Lien Law (now embodied in Lien Law § 12-a [2]) was denied because of the failure to give the notice required by the statute. The owner sought to vacate the lien in its entirety. The relief granted by the Supreme Court was to deny the motion to vacate the lien on the condition that the lienor move to amend the notice of lien to eliminate the three parcels and to reduce the amount of the lien for the work performed thereon and the material provided thereto.
The Appellate Division, Second Department, affirmed the granting of the relief in this alternative or conditional form.
Thus, it appears that both the Supreme Court and the Appellate Division concluded that the right to seek amendment of the mechanic’s lien to exclude items which should not have been included originally was for the lienor to make. There appears to have been no reason, other than the courts’ construction of section 12-a of the Lien Law, for not simply granting the owner leave to seek amendment of the lienor’s mechanic’s lien.
There are, moreover, suggestions in the language of section 12-a (2) of the Lien Law that the right to seek an amendment thereby is intended to be the right of the lienor and not the owner who is seeking a reduction in the extent of the lien.
First, by referring to an order amending a notice of lien nunc pro tune the section appears to be contemplating a situation in which a lienor is entitled to remedy technical defects in the notice of lien thus permitting the lien to be treated as wholly proper in its form from the date of its filing so that any such defects cannot serve as a defense to an action to foreclose the lien.
In contrast, the direction that the notice of lien is to be amended nunc pro tune is not consistent with an owner’s efforts to have the lien reduced.
*462 Further, in discussing the notice to be provided, the section refers to "existing lienors, mortgagees and owner”. The reference to "existing lienors” appears to contemplate lienors other than the party who has filed the mechanic’s lien in question. That notice is to be provided to the owner suggests that the owner is not the party who is to be making the application.
This interpretation appears to be the only one given to this section in past cases. (E.g., Matter of Nimke v Inta-State, Inc., 34 AD2d 675; Matter of Naclerio Contr. Co. v Rialto Realty Corp., 28 Misc 2d 957; Matter of Mars Assocs., 17 Misc 2d 188.)
Accordingly, the court is constrained to conclude that based upon the present application of the defendants, Carmine J. Angrisani and Victor J. Goldman, the court has no authority to grant the relief sought of modifying the mechanic’s lien by directing the elimination of certain items identified in the itemized statement provided pursuant to Lien Law § 38.