OPINION OF THE COURT
Anthony F. Shaheen, J.
The plaintiff homeowners contracted with the defendant for *356 construction of a single-family home on their lot in the Town of Lee. All parties agree that the work was never completed because of disputes which arose in January and February 1989 concerning the balance of money due, and whether certain work was "extra” or included in the contract price. Plaintiffs have only paid $161,000 out of the $180,000 contract price. The parties attempted to resolve their differences and each hired counsel. On April 26, 1989 a notice of lien was filed and personally served on plaintiffs and a copy was sent to their then-counsel. This lien specifically stated that the last services, labor and materials were furnished on February 15, 1989, and further, that four months had not elapsed since the completion of the contract or furnishing of services, labor and materials. However, for reasons which are unclear to the court, and which are not explained in these papers, defendant never filed proof of service of this lien within 35 days as required by Lien Law § 11. On May 3, 1989 plaintiffs’ counsel acknowledged receipt of this notice of lien and demanded that defendant perform certain enumerated work under their contract by May 31, 1989. Defense counsel responded by letter of May 8, 1989 with a counteroffer as to how to resolve their differences, and suggested a completion date of June 30, 1989. Defense counsel wrote again on June 16, 1989, reiterating defendant’s position that the plaintiffs have received the benefit of a variety of items and additions which were not contained in the original house plans. Plaintiffs apparently remained silent in response to these last two letters from defense counsel.
On June 29, 1989, defendant served and filed a second notice of lien, and this filing was perfected as required by statute. This second notice again recites that the last services, labor and materials were furnished on February 15, 1989; and then states that since the contract involved has not been fully performed or completed, then four months have not elapsed since the completion of the contract. After this second notice of lien was filed, plaintiffs’ new counsel sent written notice of July 26, 1989 that plaintiffs considered their contract terminated as of May 9, 1989 (the day of receipt of defendant’s May 8,1989 counteroffer letter).
Plaintiffs now seek to discharge this mechanic’s lien, which on its face, appears to have been untimely filed more than four months after the last services were furnished. Defendant initially argued that since the contract is still not completed, their second notice of lien complies with the statutory require *357 ment that the lien be filed within four months of completion of the contract (Lien Law § 10 [1]). Defendant also argues that he accepts May 9, 1989 as the contract termination date (as set forth in plaintiffs’ July 26, 1989 letter), and asks this court to find that "contract termination date” is the equivalent of "completion of the contract”, for purposes of filing this second notice of lien on June 29, 1989.
The court has not found a case precisely on point; neither do the parties provide such a case. As such our analysis starts with the statute, and then looks to judicial interpretation thereof.
Lien Law § 10 (1) provides that notice of lien may be filed at any time: during the progress of the work and furnishing materials; within four months after completion of contract; within four months of final performance of work; within four months of final furnishing of materials.
Lien Law § 19 (6) provides that where it appears "from the public records that such notice [of lien] has not been filed in accordance with the provisions of section ten” the property owner may apply for a discharge of that lien; and upon verified application showing such invalidity, the court shall make an order discharging the lien.
It is fundamental that the court has no inherent power to summarily discharge a mechanic’s lien and that its power to do so is limited exclusively to the grounds enumerated in the Lien Law (Di Camillo v Navitsky, 90 Misc 2d 923, 924 [Sup Ct, Putnam County, June 27, 1977]; Jensen, Mechanics’ Liens §§ 301, 311 [4th ed]).
The courts have also consistently held that where a notice of lien is sufficient, according to its face and any recording data, the court may not pass on disputed issues of fact in order to summarily discharge that lien (Matter of Jory Constr. Corp. [Westchester Sq. Sash & Door Co.], 6 Misc 2d 701, 702). Where it appears that the specific requirements of the statute have been observed, and that there exists no defect upon the face of the notice of lien, then any dispute regarding the validity of the lien must await trial in an action to foreclose that lien (Dember Constr. Corp. v P & R Elec. Corp., 76 AD2d 540, 546; Di Camillo v Navitsky, supra, at 924-925; Matter of Jory Constr. Corp. [Westchester Sq. Sash & Door Co.] supra, at 702).
Looking to the wisdom of these cases, and to the face of the second notice of lien filed by the defendant herein, it would *358 appear that this mechanic’s lien should be summarily discharged. The face of the June 29, 1989 notice of lien clearly states that the last services, labor and materials were furnished on February 15, 1989, which is clearly outside the four-month statutory limit for filing this lien. The face of this lien also states that the contract has not been fully completed, and therefore four months have not elapsed since completion of the contract. Clearly, the Lien Law (§ 10 [1]), which intentionally imposes a short filing period for these mechanic’s liens, anticipates a completed contract as a condition precedent to filing a lien under defendant’s alternate grounds. Were this court to adopt the interpretation set forth by defendant in the second notice of lien, contractors would be permitted to wait indefinitely, without finishing the job, and years later file a mechanic’s lien. This was clearly not the intention of the Legislature in adopting a shortened, four-month period for filing such liens on private dwelling properties.
Looking only to the public records, as mandated by statute and case law stated above, there are no issues of fact concerning the existence of a defect in this second notice of lien, and accordingly, the plaintiffs are entitled to summary discharge of this lien (Di Camillo v Navitsky, supra, at 925).
Concerning defendant’s claim in his answering papers herein, that plaintiffs’ "termination” of the contract on May 9, 1989 is equivalent to "completion” of the contract under the Lien Law, he has submitted no case law to support this position. Defendant cites the Fourth Department case Biondo v City of Rochester (18 AD2d 78) and the First Department case Matter of N. W. Developers v Jeremiah Burns, Inc. (55 AD2d 580) to explain the meaning of "completion” in the Lien Law. However, the court does not find those cases persuasive, since they both deal with section 12 of the Lien Law, which involves public improvements, and require the filing of a lien after completion and acceptance of the construction; and those cases deal with the need to file a certificate of acceptance prior to the time period running. Moreover, in both cases, the courts stated that " '[cjompletion refers to the termination of the physical work; acceptance to the formal act by the * * * public corporation whereby it is recognized that the contractor has performed his contract’ ” (Biondo v City of Rochester, supra, at 84; Matter of N. W. Developers v Jeremiah Burns, Inc., supra, at 581). Here, the physical work was terminated on February 15, 1989; and the plaintiffs never recognized that the defendant performed the contract. In fact, all agree that *359 the work was not completed; and defendant’s second notice of lien specifically states that the contract was not fully performed or completed.
Having found the filing of this second notice of lien to be untimely on its face, and having found no question of fact concerning the existence of a defect on the face of this second notice of lien, plaintiffs are entitled to the summary discharge of this lien, and their motion in this regard is granted. The defendants are still entitled to litigate their four remaining counterclaims, sounding in contract.