MAHLEY v. GERMAN BANK OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   May 22, 1900.)

MECHANICS' LIENS—STATEMENT—STATUTORY REQUIREMENTS—SUBSTANTIAL COM-
PLIANCE.

> Laws 1897, c. 418, § 9, requires a mechanic's lien notice to state the
> labor performed, materials furnished, their agreed price or value, the whole
> contract price of the material and labor, and the time when the first and
> last item of work was performed, etc.  Section 22 declares that a substan-
> tial compliance with the statute shall be sufficient.  W., a railroad con-
> tractor, sublet a contract to plaintiff; and when he had received but $45
> thereon, and the railroad had made no payments, W. assigned his inter-
> est therein to defendant bank, to secure an antecedent debt.  Held that,
> defendant having knowledge of facts putting it on inquiry as to plaintiff's
> rights under the subcontract, plaintiff's notice of lien, stating the amount
> due on the contract, and alleging that 90 days had not elapsed since the
> completion thereof, etc., was a substantial compliance with the statutory
> requirements, though it failed to state the price at which the work was
> done, or when the first item of labor was performed and material fur-
> nished; such failure having occasioned no injury to defendant.

Appeal from special term, Erie county.

Action by Christian J. Mahley against the German Bank of Buffalo,
impleaded with others, to establish a mechanic's lien.   From a judg-
ment in favor of defendant, plaintiff appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WIL-
LIAMS, JJ.

Wallace Thayer, for appellant.
Robert F. Shelling, for respondent.

WILLIAMS, J.   The action was brought to establish the validity
of a mechanic's lien filed by plaintiff, and to foreclose the same.   The
defendant bank claimed that plaintiff's lien was invalid, and that the
defendant bank was entitled to the moneys due from the defendant
railroad company for the labor and materials, for which the lien was
filed, by virtue of the assignment hereinafter referred to.   The de-
fendant Wilson, having entered into a contract with the defendant
railroad company to furnish the materials for and construct a station
house at Hemlock station, on the line of the railroad, thereafter and
on September 5, 1898, made a contract with the plaintiff to furnish
materials and build such station house for the sum of $600.   The
plaintiff, pursuant to this contract, furnished the materials for and
constructed the station house, and fully completed the same prior to
November 5, 1898, and there has been paid to the plaintiff on account
of the materials so furnished and labor so performed only the sum of
$45, leaving unpaid $555.   Before the completion of the station house,
and on the 18th day of October, 1898, the defendant Wilson, being in-
debted to the defendant bank in the sum of $1,400, assigned to the bank
all his right, title, and interest in the contract between himself and

the defendant railroad company, and all moneys due or to grow due thereon from the railroad company, to secure payment of his indebtedness to the bank, and authorized the railroad company to pay all such moneys, as they came due, to the bank.  At the time the assignment was made the bank knew that the plaintiff was a subcontractor under Wilson in constructing the station house, and had done or was doing the work.  The railroad company at the time of the assignment had paid nothing upon the contract for the construction of the building.  On the 22d day of December, 1898, the plaintiff filed notice of lien in question, for the foreclosure of which this action was brought.

It was claimed, and the court found, that this lien was invalid by reason of its failure to comply with the provisions of subdivisions 4, 6, § 9, of the lien law (Laws 1897, c. 418).  By the fourth subdivision it was provided that "the notice of lien shall state (4) the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof."  The notice in question stated that the plaintiff had a claim and lien against the railroad company, then due, and amounting to the sum of $341.25, and interest from November 10, 1898, being for work, labor, and materials furnished as thereinafter mentioned, which amount was due from Wilson, by whom he was employed under and pursuant to an agreement with, and consent of, the railroad company, and being the true price and value of said work done and materials furnished, after deducting the payments made thereon; that the claimant performed work and furnished materials which had been used in the erection of a depot, building, and appurtenances situate upon the lot and premises, in the town of Hemlock, N. Y., described in the notice.  The criticism upon this statement was that it did not state the whole contract price or value of the materials and labor, but only the amount or part thereof remaining unpaid.  This statement of unpaid amount was required to be made, by subdivision 5 of the section.  The whole contract price or value was $600.  This was not stated.  The amount unpaid was $341.25, which was stated.  In other respects subdivision 4 appears to have been sufficiently complied with in the notice.  It does not seem to us that it was very important in this case to have the whole contract price or value stated in the notice, that any one was prejudiced thereby, or that the failure to state it should invalidate the lien.  By the sixth subdivision it was provided that "the notice of lien shall state the time when the first and last item of work were performed and materials were furnished."  The notice in question only stated, upon this subject, that 90 days had not elapsed since the completion of the contract, or the furnishing of the materials, or the final performance of the work.  The criticism upon this statement was that it did not specifically and separately indicate the time when the first and last work were done and materials were furnished.  It stated that the last items of materials and labor were done and performed within 90 days from the date of the notice, December 22, 1898, but did not more particularly state the time.  It cannot be said that there was any statement in the notice as to when the first item of labor was performed and materials were furnished.  And the only question is whether the statements in the notice were so far a failure to comply with subdivision 6 as to render the notice invalid.

1082    64 NEW YORK SUPPLEMENT     (Sup. Ct.

and 98 New York State Reporter

It is not apparent that these items were very material in this partic-ular case, or that any one was prejudiced by such failure. The person who drew the notice seems not to have been aware of the lien law of 1897, and to have had in mind the laws existing prior to 1897, and therefore failed to comply literally with the provisions of these two subdivisions (4 and 6) of section 9.

By section 22 of the lien law of 1897 it is provided:

"Construction of Article. This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien, and to give jurisdiction to the courts to enforce the same."

The bank, claiming the fund in the hands of the railroad company, as against the plaintiff, asserting this lien, is an assignee from the defendant Wilson, against whom plaintiff's indebtedness exists. The bank took the assignment to secure an antecedent debt, and with knowledge of plaintiff's rights, or of such facts as to put it upon inquiry which would have disclosed plaintiff's rights; and it would be a great injustice to permit the bank to have the fund, in preference to the plaintiff, who furnished all the materials and did all the work which gave the contract assigned to the bank any value whatever. We are not disposed, under the liberal rule of construction provided for in the act itself, and held by the courts, to agree with the trial court in its decision that the notice of lien in this case was invalid, and the plaintiff had no lien upon the premises which he could enforce. We think, in this particular case, the notice was a substantial compliance with the statute, and that no injury occurred to any one by reason of any defective statements therein, requiring the court to hold the lien invalid. We conclude, therefore, that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide event. All concur.