### BOSECK v. RITER et al.

(Supreme Court, Appellate Division, Fourth Department.   May 4, 1910.)

Appeal from Special Term.

Action by Otto Boseck against Philip C. Riter and another.   From a judgment for plaintiff, defendants appeal.   Affirmed as modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Albert W. Plumley, for appellants.
William J. Bullion, for respondent.

PER CURIAM.   Judgment modified, by striking out interest allowed, and, as so modified, affirmed, with costs.

SPRING, J. (dissenting).   I would like to vote for affirmance in this case, but I do not see how the judgment can be affirmed unless we disregard the authorities construing the lien law.   Chapter 418, Laws 1897, in stating the requirements of the notice of lien, provides it shall state (section 9):

"(4) The labor performed or to be performed, the materials furnished, or to be furnished, and the agreed price or value thereof.   (5) The amount unpaid to the lienor for said labor or materials."

There are, therefore, two indispensable requirements contained in the lien law.   One is that the agreed price or value must be stated; and, second, the amount unpaid.   In this case the notice states that the claimant has or claims—

"a lien * * * for two hundred fifty-eight dollars and twenty-five cents ($258.25), being the value and agreed price of certain work, labor, and services performed and materials furnished, to wit: Balance due for material furnished and building house known as No. 44 Eaton street.   For the improvement of said real property hereinafter described."

Now it is apparent from this notice that the claimant is not stating the agreed price of the work performed and materials furnished, but only the balance due; and that is obvious from the proof as well, because the contract price for the work was $3,800, so that there is no compliance with subdivision 4 of section 9 of the lien law, and the authorities hold this is indispensable.   Mitchell v. Dunmore Realty

Co., 126 App. Div. 829, 833, 111 N. Y. Supp. 329; Toop v. Smith et al., 181 N. Y. 283, 73 N. E. 1113.

I think the judgment should be reversed.

ROBSON, J., concurs.