BERNARD BRADY, Appellant, *v.* CHRISTIAN J. RODENBACH and Others, Respondents.

Fourth Department, November 15, 1916.

Mechanic's lien — notice of lien — statement of balance due for material furnished under separate contracts — priority.

Where a materialman furnished lumber, not under one entire contract, but under divers sales between certain dates, his notice of a mechanic's lien is sufficient where it states the value of the lumber not paid for and the payments thereon made by the contractor without stating the value of all the lumber furnished by him.

Such a notice is sufficient to give the lienor priority over subsequent lienors.

APPEAL by the plaintiff, Bernard Brady, from so much of a judgment of the County Court of Erie county in favor of the defendants, entered in the office of the clerk of said county on the 1st day of March, 1916, as decrees that the lien filed herein by John Smith, one of the defendants, is a good and subsisting lien on the property described in the complaint, and that the defendant John Smith is entitled to enforce said lien against said property, and also to recover his costs in this action.

*Roland Crangle,* for the appellant.

*Corden T. Hackett,* for the respondent John Smith.

Kruse, P. J.:

No evidence was given upon the trial. The plaintiff's cause of action as alleged in the complaint was admitted, save as it was claimed that the notice of lien was faulty. The precise defect pointed out was that the notice of lien should have stated the value of all the lumber furnished by the plaintiff and payments made thereon by the contractor, Eva Anger, instead of stating (as it did) the value of what lumber was not paid for.

There would be more force in that contention if the lumber had all been furnished under one entire contract. According to the allegations of the complaint there were divers sales made between certain dates, and it is apparent from the complaint and notice of lien (which is made a part thereof) that the lien asserted was for what had not been paid for.

But even if the claim is to be regarded as a balance due upon the general account, there is authority for sustaining the lien. (*Mahley* v. *German Bank*, 52 App. Div. 131; 66 id. 623; *Boseck* v. *Riter*, 138 id. 912.) In the *Mahley* case the amount of the lien was stated to be a certain sum and to be the true price of the work after deducting the payments made thereon. In the *Boseck* case the statement was that the amount was the balance due for material furnished. In neither case was the whole contract price or value of the material furnished stated, nor the amount of the payments given. The *Mahley* case was reversed in the Court of Appeals (174 N. Y. 499) upon defects in the notice of lien, but the holding of this court as to the sufficiency of the notice of lien in stating the amount was not disapproved. On the contrary, Cullen, J., who wrote for the court, said: "* * * We think that the statement that the value of the work was $341.25, after deducting the payments made on account thereof could be held a substantial compliance with the statute."

By the express terms of the Lien Law the law is to be construed liberally to secure the beneficial interests and purposes thereof, and a substantial compliance therewith is all that is required. (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], § 23.)

I think the notice here was sufficient and that the judgment should be modified by declaring the plaintiff's lien effective

and prior to the lien of the defendant John Smith; that the moneys paid into court to free the land from the lien be distributed accordingly. The provision for costs against the plaintiff should be reversed, and in lieu thereof plaintiff should recover costs against the contesting defendants, with costs also against the respondent in this court; findings should be made in accordance with the allegations of the complaint and the 21st, 22d, 23d and 24th findings and any others inconsistent with the findings to be made by this court should be disapproved. Findings and judgment should be settled on notice.

All concurred.

Judgment modified in accordance with the opinion and as so modified affirmed, with costs to the appellant against the respondents. Order to be settled before KRUSE, P. J., on two days' notice.