In the Matter of the Application of James O'Neill et al., Petitioners.

Cefali and Dean Construction Co., Inc., Respondent.

Supreme Court, Wayne County, December 20, 1943.

*Leon A. Plumb* for petitioners.

*Layton H. Vogel* for respondent.

CRIBB, J. On November 1, 1941, the lienors having furnished gravel and dirt to the contractor who had a contract with the State of New York for the construction of a subway to eliminate a grade crossing, filed a notice of lien under section 12 of the Lien Law in the sum of $1,408.15. The contractor deposited with the State Comptroller $1,787.41 under an ex parte court order obtained by it November 7, 1941, pursuant to subdivision 4 of section 21 of the Lien Law. By this action the lienors were limited to this latter fund at a time when other moneys were to become payable to the contractor by the State.

The amount of the lien as originally filed ($1,408.15) was based principally upon an item of 25,000 cubic yards which was • an *estimate* given to the lienors by the State Engineer in charge of the work. The contract was not completed and the improvement accepted by the State until July 30, 1942. By letter dated November 10, 1942, the attorney then representing the lienors was advised that the actual amount of material removed from lienors' pits was 34,662 cubic yards. About five months later lienors secured the services of their present attorney who, for the purpose of making this motion to amend, claims it was necessary to "obtain further information as to the yardage taken from each of the three barrow pits on lienors' property", which information he obtained from the State Engineer in charge about July 15, 1943. Lienors have preserved the original lien as filed by appropriate extensions thereof.

The question here presented is whether lienors are entitled to amend a notice of lien by increasing the amount thereof under section 12-a of the Lien Law. Counsel have submitted no authorities directly in point nor has my search revealed any.

The Lien Law being permissive, a lienor may file as many liens as he desires until the expiration of the statutory period. (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24, 32.) It seems clear section 12-a of the Lien Law was not enacted to enable a lienor to amend his lien *within* the statutory period for filing. Prior to the adoption of section 12-a it was held that after the expiration of the statutory period for filing the court was without power to amend the notice. (*Maurer* v.

*Bliss,* 6 N. Y. St. Repr. 224, affd. 116 N. Y. 665.) It seems to me that section 12-a was enacted to meet just such situations as are presented in the instant case. (See *Matter of Dorsey, Inc.,* 240 App. Div. 1005; *Rocco* v. *Chain Building Corporation,* 167 Misc. 375.) It appears that lienors were unable to learn the exact yardage of fill used from their pits until November 10, 1942, at the earliest. It is urged that this motion be denied on the ground of laches on the part of the lienors. Laches, to defeat the granting of this motion, would have to be something more than mere delay; it would have to be of such a character as to work a disadvantage to another. (See *People ex rel. Schick* v. *Marvin,* 249 App. Div. 293, 298, affd. 275 N. Y. 587.)

It is further argued on behalf of the contractor that there are no moneys in the hands of the State against which the increased lien, if permitted, could attach. This point is not well taken. Whether all of the moneys ($1,787.41) now in the hands of the State Comptroller will be fully absorbed by the lien as originally filed will depend on the outcome of the foreclosure action (Lien Law, § 21, subds. 3-a, 4). Lienors take, under their judgment, whatever fund is available (Lien Law, § 60). The validity of the lien is not dependent on the assurance of collection. (See *Anderson* v. *Hayes Const. Co.,* 243 N. Y. 140, 150.)

Counsel for contractor further urges that this motion be denied because " the materials for which the additional lien is sought as well as those for which the original lien was filed are not lienable under the law." It appears that the fill furnished by lienors was used to construct a temporary roadbed for use while the subway was under construction. I do not find that the determination of this question is necessary at this time. That is a matter of defense upon the action to foreclose the lien, or the contractor might have moved under subdivision 7 of section 21 of the Lien Law. It would seem, however, that the fill provided for a temporary roadbed was necessary to the improvement and a part thereof as contemplated by the Lien Law. (See *Gates & Co.* v. *Stevens Construction Co.,* 220 N. Y. 38.)

No other liens have been filed. Justice requires the granting of the relief asked, and the contractor will not be prejudiced thereby.

The motion is granted. No costs.

Let an order enter accordingly.