WILLIAM HEGIERSKI, as Administrator of the Estate of JOHN HEGIERSKI, Deceased, Respondent, v. UNITED STATES GYPSUM COMPANY, Appellant.— Motion for reargument denied, motion for leave to appeal to the Court of Appeals granted and question for review certified. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See 268 App. Div. 1077.]

In the Matter of the Application of JAMES O'NEILL et al., Lienors, to Amend a Notice of Mechanic's Lien Filed Against Moneys Due to CEFALI AND DEAN CONSTRUCTION CO., INC., Contractor, with the Comptroller of the State of New York, et al.— Appeal dismissed upon stipulation. [182 Misc. 838.]

## (March 14, 1945.)

WELDON D. SMITH, Respondent-Appellant, v. ADAM, MELDRUM & ANDERSON Co., INC., Appellant-Respondent.— Order modified by striking out the first ordering paragraph thereof and as modified affirmed, without costs of this appeal to either party. Memorandum: While the second separate defense is an inartistic pleading, confuses the issues, is redundant, and is provable under the general denial, still no harm flows to the plaintiff by its retention as by it he has been furnished a bill of particulars and some evidence. All concur, except Taylor, P. J., who dissents and votes for affirmance. (The order grants in part plaintiff's motion to strike out portions of defendant's answer, and denies the rest of plaintiff's motion.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

RAY W. ST. CLAIR, Appellant, v. ANN MONTGOMERY, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The plaintiff proved the amount of the weekly rental which he paid for the room in question for the entire period from February 1, 1942, to October 9, 1943. The order of the Office of Price Administration fixing the maximum rental was competent and material upon the issues in the case. Since the objection was made only as to its competency, it was error to exclude it. All concur. (The judgment dismisses the complaint in an action to recover penalties for claimed violations of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 901 et seq.].) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.

JOHN WALSH, Respondent, v. CHISHOLM-RYDER COMPANY, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Although, by the allegations of his complaint and his proof, plaintiff sought to recover on an entire contract for the year 1941, renewed by implication for the year 1942, the trial court construed the agreement as an indefinite hiring terminable at will and so submitted the cause to the jury. To this course neither party objected. We do not construe the defendant's exception to the court's statement that the contract was a continuing one, as intended to raise any objection on its part to the court's construction of the agreement as one for an indefinite hiring. We believe the finding that the contract was not terminated November 10, 1941, was against the weight of evidence. We are also of the opinion that the court should have charged, in reference to what would constitute a termination, as requested by the defendant. All concur. (The judgment is for plaintiff in an action for salary due under contract. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.