In the Matter of MENGEL COMPANY, INCORPORATED, Appellant. KENSINGTON VILLAGE, INC., et al., Respondents.

Fourth Department, April 29, 1953.

*Robert J. Schutrum* and *Lawrence Pomeroy* for appellant.

*Paul Bauman* and *Max Tachna* for respondents.

VAUGHAN, J. This appeal presents for review an order of the Supreme Court, Erie County Special Term, denying appellant's application, made under section 12-a of the Lien Law, to amend, *nunc pro tunc,* a filed notice of lien. The amendment sought is for the purpose of correcting said notice in respect to the amount specified as the agreed price and value of the materials furnished and labor performed as required by subdivision 4 of section 9 of the Lien Law.

The amount set forth in the notice of lien as the agreed price and value of the materials furnished is $50,570.91; it is sought now to increase this figure to $118,365.47. The amount stated as unpaid is not affected by this proposed amendment.

The respondents contend that this inaccuracy in the notice of lien sought to be amended is a defect of substance rendering the notice invalid and therefore incapable of amendment. (*Fries* v. *Bray,* 279 App. Div. 8.) We do not so construe the nature of the defect.

This court, on three occasions prior to the enactment of section 12-a of the Lien Law held that the statement of the amount unpaid as the agreed price and value of the materials furnished and labor performed did not invalidate the notice of lien (*Mahley* v. *German Bank,* 52 App. Div. 131, revd. on other grounds 174 N. Y. 499; *Boseck* v. *Riter,* 138 App. Div. 912; *Brady* v. *Rodenbach,* 174 App. Div. 795).

The Court of Appeals in reversing this court in the *Mahley* case did not disapprove the holding of this court as to the sufficiency of the notice of lien in stating the amount unpaid as the agreed price and value.

The respondents urge, however, that the case of *Brescia Constr. Co.* v. *Walart Constr. Co.* (249 App. Div. 151, affd. 273 N. Y. 648) is conclusive on this question. We do not agree. There the notice of lien on its face did not comply with the requirement of subdivision 4 of section 9, while here the notice itself appears regular in that respect. (See *Matter of Wilaka Constr. Co.,* 166 Misc. 185, affd. 253 App. Div. 711.) We are not prepared to hold that where there has been a bona fide attempt to comply with the statute, an inaccuracy in the statement of the agreed price and value of the labor performed or materials furnished is a defect of substance which invalidates the notice.

"Section 9 says that the notice of lien shall state, among other things, the labor performed and the agreed price or value thereof, and the amount unpaid for such labor. This does not mean that the lien is void if the amounts stated are inaccurate; it means that the lien shall state the claim of the lienor which, upon the trial, may appear to be much less than the amount stated." (*Goldberger-Raabin, Inc.*, v. *74 Second Ave. Corp.*, 252 N. Y. 336, 342.) This conclusion, we believe, is in accordance with the intent of the Legislature as reflected not only in sections 12-a and 23 of the Lien Law but by the successive amendments to that statute which have extended its protection to additional classes of persons, enlarged its scope as to materials lienable and strengthened its provisions for the enforcement of mechanic's liens.

A technical construction, if applied to the Lien Law, would conflict with the Legislature's express declaration that it " be construed liberally to secure the beneficial interests and purposes thereof."

It follows that the order appealed from should be reversed and that the application to amend be granted upon the ground that the failure of the lienor to state accurately in its notice of lien the whole amount of the agreed price and value of the labor performed and materials furnished was not such a defect as would preclude the existence of a valid lien, having in mind the requirement of substantial compliance imposed by section 23 of the Lien Law, and is, therefore, a defect susceptible of amendment within the provisions of section 12-a of the Lien Law, no prejudice having been shown.

All concur: Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law and facts, with $10 costs and disbursements and motion granted, with $10 costs.