James W. Bailey, J.
The lienor makes application to amend its notice of lien nunc pro tunc pursuant to the provisions of section 12-a of the Lien Law. The owner makes an application to vacate the notice of lien upon the ground that it fails to state the true owner and to adequately describe the property subject to the lien.
The lienor has failed to give the notice required by section 12-a of the Lien Law and its application is denied without prejudice to a further application upon proper notice within 10 days of the entry of an order hereon. Such application may *59 seek an amendment of the description but may not increase the lien to include items of work performed and material furnished subsequent to the original filing of the lien.
The lien as filed purportedly covers three lots which were sold prior to the filing of the lien. The owner of the remaining 21 parcels against whom the lien was filed claims that the lien must fall because the improvements were made upon all 24 lots and its remaining lots may not be assessed for the full cost of the improvements.
The Lien Law must be liberally construed to secure the beneficial purposes thereof. A substantial compliance with its provisions is sufficient. (Lien Law, § 23.) A notice of lien may be amended nunc pro tunc to change the description of the real property involved in the absence of a showing of prejudice to an existing lienor, mortgagee or purchaser. (Matter of Thomas J. Dorsey, Inc., 240 App. Div. 1005; Matter of Piscitell v. Caccamo, 278 App. Div. 890.) A lien is not invalid by reason of a misdescription of the true owner if there is a substantial compliance with the statute. (Gates & Co. v. National Fair & Exposition Assn., 225 N. Y. 142, 156.)
The lienor substantially complied with the statute when it filed its lien against the owner of 21 of the 24 lots upon which the improvements were made. An amendment nunc pro tunc eliminating the three lots previously conveyed and reducing the amount of the lien accordingly will not prejudice any existing lienor, mortgagee or purchaser and is authorized. (See Piscitell v. Caccamo, supra.)
Under the circumstances the application to vacate the lien is denied upon condition that the lienor make an appropriate application pursuant to section 12-a of the Lien Law to amend the description and amount as above indicated within 10 days of the entry of an order hereon.
Submit order accordingly.