Jacob Markowitz, J.
Motions numbered 2 and 65 are consolidated herewith. Both motions by a lienor seek, pursuant to section 12-a of the Lien Law to amend nunc pro tunc a mechanic’s lien filed on November 10, 1960. An action has been commenced to foreclose the mechanic’s lien. The motions were triggered by the answer alleging the defectiveness of the lien by reason of the insufficiency thereof.
Under item 4 of the lien filed, “ excavation services ” is set forth as labor performed. Item 5 lists $3,216.22 for labor and materials performed and furnished; and item 6 lists the dates of commencement and termination of the job.
The amendments amplify the work done under items 4 and 5. On item 6 the lienor seeks to correct the dates when the job was begun and finished, which does not affect the time limitation on filing as provided in section 10 of the Lien Law.
It is to be noted that the Legislature has declared that the Lien Law “is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same ” (Lien Law, § 23). A technical construction, if applied to the Lien Law, would conflict with the Legislature’s express declaration (Matter of Mengel Co., 281 App. Div. 530, 532).
*958 The cases cited by respondent are not applicable; such as failure to name the person who ordered the work and made the contract (Houseknecht v. Reeve, 108 N. Y. S. 2d 917) ; no mention of kind or amount of labor or materials furnished (Toop v. Smith, 181 N. Y. 283) ; giving wrong owner and parcel (Alexander v. Bowell Realty Corp., 116 N. Y. S. 2d 87) ; wrong owner (Matter of Rossetti, 113 N. Y. S. 2d 788) ; no description of property (Hilzenradt v. Breindel, 139 N. Y. S. 2d 688). There the courts had no “ power to breathe the breath of life into a notice of lien that is insufficient under the statute” (Toop v. Smith, supra, p. 289).
Here the alleged defects are not such as to preclude the existence of a valid lien, having in mind the requirement of substantial compliance imposed by section 23 of the Lien Law, and is, therefore, a defect susceptible of amendment within the provisions of section 12-a of the Lien Law. Motion is granted.