Harold Tessler, J.
Motion by a mechanic’s lienor for an order amending nunc pro tunc the notice of lien, dated August 9,1960, and filed in the office of the Clerk of the County of Queens on August 18,1960. Paragraph “ 2 ” is sought to be amended to read as follows:
“The labor performed is architectural work, professional services and supervision relative to the erection of a hotel on the premises known as 152-25 138th Avenue, in the County of Queens, City and State of New York. Under agreement dated November 22, 1957 between the lienor, an architect, and Jillar Realty Corp., the owner of 152-25 138th Avenue, it was agreed
to pay said lienor a fee of $20,000 as follows:
Retainer...................................... $1,000.00
Upon completion of preliminary drawings........ 1,500.00
Upon completion of one-half of working drawings 3,000.00
Upon completion of working drawings, specifications and filing ..........-................... 4,500.00
Upon completion of foundation and framework... 5,000.00
Upon completion of job......................... 5,000.00
$20,000.00
Subsequent thereto, extra labor, services and supervision were agreed upon in the sum of $9,912.37, for a total amount of $29,912.37.”
Two errors in paragraph “ 2 ” of the notice of lien are sought to be corrected: (1) the omission of the name of the person by whom the lienor was employed, and (2) the agreed price and value of the labor, services and supervision furnished for the improvement from $25,134.40 to $29,912.37. The total amount claimed under the lien, which is $4,893.60, would not be changed by the proposed amendment and in any event there is no opposition to this branch of the motion.
The owner, Jillar Realty Corp., opposes the motion on the ground that subdivision 3 of section 9 of the Lien Law requires that the name of the person by whom the lienor was employed must be set forth in the notice of lien and the omission thereof is fatal, precluding amendment. He further argues that section *96 12-a of the Lien Law, which provides for amendment of a notice mmc pro tunc, presupposes the existence of a valid lien and is not to be construed to give a court the power to render a lien valid where the notice is defective.
While the court agrees that the application of the liberalizing provisions of the Lien Law presupposes the existence of a valid notice of lien (Fries v. Bray, 279 App. Div. 8), the notice here involved was valid in the first instance. It is uncontradicted that Jillar Realty Corp. was the owner of the real property on November 22, 1957, when the agreement was entered into and has since remained the owner. In paragraph “ 1 ” of the notice of lien it is stated that “ The name of the owner of the real property against whose interest therein the lien is claimed is Jillar Realty Corp.”. Paragraph “ 2 ” states that “ Under agreement dated November 22,1957 between the lienor, an architect and the owner of 152-25 138th Avenue, it was agreed to pay said lienor a fee of $20,000 ”. It thus appears that, reading both paragraphs together, the name of the person by whom the lienor was employed sufficiently appears in the notice of lien. To hold otherwise, would exalt form over substance.
The motion is accordingly granted in all respects.