In the Matter of CLEMENT PERRIN et al., Doing Business as PERRIN & DARBY, Respondents, v. STEMPINSKI REALTY CORP. et al., Appellants.

First Department, December 19, 1961.

*Sidney S. Bobbé* of counsel (*Budner & Budner*, attorneys), for appellants.

*Leon Brown* of counsel (*Leo E. Ypsilanti*, attorney), for respondents.

*Per Curiam.* Respondents completed work on a contract to renovate appellants' building located at 315 West 75th Street in January, 1961. On March 14, 1961, they filed a mechanic's

lien on the building for $11,336.94, of which $8,500 represented a balance claimed to be due on the contract and the additional sum was for extras. In July, 1961, respondents applied to the court to amend their notice to increase the amount to $23,315.04, which application resulted in the order appealed from.

The reach of a mechanic's lien is completely controlled by statute (*Spencer* v. *Barnett*, 35 N. Y. 94). In order to effectuate it, the notice of lien must be filed within four months after completion of the work (Lien Law, § 10). Prior to 1932 no amendment of any kind was permissible and a notice of lien defective in any way was ineffectual and incurable (*Matter of Passero & Sons*, 237 App. Div. 638). Accordingly, once the limitation period of four months had passed the contractor could not secure his claim against the owner by lien against the property.

To overcome this situation, which barred relief to the contractor for technical errors in the notice (*Frank Teicher, Inc.* v. *Gold*, 239 App. Div. 285), the Legislature enacted what is now section 12-a, providing that in a proper case an amendment *nunc pro tunc* may be granted upon notice to the owner, mortgagees, and other lienors. The amendment was recommended to the Legislature by a Joint Committee which pointed to the instances where liens were defeated for technical deficiencies (N. Y. Legis. Doc., 1932, No. 103, p. 10). Since then amendment of liens defective in their recitals or execution has been allowed (*Piscitell* v. *Caccamo*, 278 App. Div. 890; *Teitler* v. *McDermott & McDonald*, 282 App. Div. 953). Figures and amounts have been allowed to be corrected but only where the amount of the lien was unchanged (*Matter of Mengel Co.* [*Kensington Vil.*], 281 App. Div. 530), or reduced (*Matter of Pacemaker Constr. Corp.* v. *Heidi Constr. Co.*, 12 A D 2d 643). In the single reported instance in this jurisdiction where an increase in the amount of the lien was allowed (*Matter of O'Neill*, 182 Misc. 838) the facts were so extraordinary that the case may well be considered as restricted to its own peculiar facts.

The purpose behind the legislative action and the interpretation given by the courts is not difficult to discern. A mechanic's lien is an incumbrance on realty. It is essential that persons dealing with the owner should be able to ascertain with certainty and celerity just what claims against the property are in effect. The short Statute of Limitations for filing in indicative of this purpose. It would be totally defeated if material changes which in effect amount to a new lien were allowable after its expiration.

But even if it be deemed that an increase in amount of the lien were permissible, this is not a case where it should have been

allowed. In order to constitute a " proper case " there should be some proof submitted to justify the court in allowing the amendment. This proof would have to be of the validity of the additional amount claimed and the reason why it was not included in the original application. For these reasons, as a matter of discretion the application should have been denied.

It should be pointed out that respondents' claim for the additional amount and their right to sue therefor is not affected by the above. It merely means that they are not entitled to the security given to lienors.

The order amending the mechanic's lien *nunc pro tunc* should be reversed on the law and on the facts and as a matter of discretion, with costs to appellants and the application denied.

McNALLY and EAGER, JJ. (concurring). We concur for reversal solely on the ground that the amendment should have been disallowed in the exercise of discretion.

RABIN, J. P., and STEUER, J., concur in *Per Curiam* opinion; McNALLY and EAGER, JJ., concur in memorandum; STEVENS, J., dissents and votes to affirm.

Order entered on July 17, 1961, amending the mechanic's lien *nunc pro tunc,* reversed on the law and on the facts and as a matter of discretion, with $20 costs and disbursements to appellants and the application denied.

Settle order on notice.