Mario Pittoni, J.
This is an application by the owner of real property for an order summarily discharging a notice of lien (Lien Law, § 19, subd. [6]), and a cross motion by the lienor for leave to amend the notice nunc pro tunc (Lien Law, § 12-a).
The notice of lien specified the corporate entity (Gerace & Castagna, Inc.) with whom the lienor transacted business as the owner of the real property. The corporation so specified actually possessed no estate or interest in the realty as fee owner or otherwise. While the materials furnished by the lienor were installed in the improvements made to the property, the contract under which they were furnished was not entered into with either the owner (Long Beach Terrace, Inc.) or its general contractor (0. P. L. Construction Corp.).
Subdivision 2 of section 9 of the Lien Law provides that a notice of lien shall specify the name of the owner of the real property against whose interest a lien is claimed. This provision is supplemented by subdivision 7 of the same section which states in part: “ A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien.” The provisions of this latter subdivision preserve the validity of a lien so far as the person named as owner and against whom a lien is asked in fact, may have some title or interest (Gates & Co. v. National Fair & *916 Exposition Assn., 225 N. Y. 142, 156). Its provisions, however, may not he utilized to give a lien against an unnamed owner of the fee (Gates & Co. v. National Fair & Exposition Assn., supra; Murtha v. Murphy, 12 Misc 2d 199). In the present case the owner is not incorrectly named, but is not designated at all.
Although the provisions of the Lien Law must be liberally construed (Lien Law, § 23), the power of the court to amend a notice of lien nunc pro tunc under section 12-a is limited, and presupposes the existence of a valid lien (Matter of Frank Teicher, Inc. v. Gold, 239 App. Div. 285, 287, 288). Since the rights of a lienor are wholly derived from statute, the court, under the guise of amendment or construction, cannot create a valid lien out of a notice that does not substantially comply with the statutory provision authorizing its existence. The lienor’s omission to name the owner is fatal.
The motion to discharge the notice of lien is granted, and the cross motion for leave to amend the notice nunc pro tunc is denied.