William B. Lawless, J.
This is an application by the lienor, pursuant to section 12-a of the Lien Law to amend his notice of mechanic’s lien nunc pro tunc so as to substitute the name of the true owner of the premises at the time of the filing of the lien in the place and stead of the owner named in said notice of lien.
The notice of lien hereby sought to be amended was filed in the office of the Clerk of the County of Brie on the 27th day of April, 1965. Said notice named one Louis Omel as the owner of the real property being liened. As it now appears, the said real property upon which the lienor performed work and furnished materials was and is owned by one Della Omel and has been so-owned by her since 1939 and that the said Louis Omel never owned any interest in said property. Della Omel opposes this application to amend the notice of lien.
The applicant relies upon subdivision 7 of section 9 of the Lien Law which states in part: “ A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien.” This liberalization in the Lien Law protects the validity of a lien where an error or an inaccuracy occurs in the naming of the owner or describing the property. It will not, however, sustain a lien where the owner or a person with some interest in the property is not named at all. This is the unfortunate circumstance of the instant case.
The Court of Appeals, in Gates & Co. v. National Fair Exposition Assn. (225 N. Y. 142, 156) has clearly set the guidelines for the application of subdivision 7 of section 9 of the Lien Law which bear repeating at this time: “ A lien is not invalid simply by reason of a misdescription of the true owner if there is a .substantial compliance with the statute. Where, however, *179 the person named in the alleged notice of a lien as the owner of the real property against whose interest therein a lien is claimed is not an owner of any interest therein which is defined in the statute, there is a complete failure to comply with the directions thereof and the alleged lien is ineffectual and worthless.” (Emphasis added.) (See, also, Matter of Frank Teicher, Inc, v. Gold, 239 App. Div. 285; Matter of Rossetti, 113 N. Y. S. 2d 788; Murtha v. Murphy, 12 Misc 2d 199; Matter of Long Beach Terrace v. Mallis Wood Prods., 41 Misc 2d 915.)
It is noted that the cases cited by applicant in support of his motion deal with a misdescription of part of the property liened (Matter of Heidi Constr. Corp., 20 Misc 2d 58) or are cases where the person or persons named as “ owners ” in the notice of lien did in fact have at some time, a recognizable fee interest, or some thread of an interest in the property liened. (Matter of Acme Storefronts v. McGratty, 155 N. Y. S. 2d 135; Matter of Schiering, 96 N. Y. S. 2d 64; Abelman v. Myer, 122 App. Div. 470.)
Since a valid lien against Della Omel never existed, it cannot come into being now by virtue of an application under section 12-a of the Lien Law. The motion is denied.