In the Matter of HELMUT E. NIMKE et al., Respondents, v. INTA-STATE, INC., Appellant.— In a proceeding to discharge of record a notice of mechanic's lien filed by appellant, the appeal is from an order of Supreme Court, Orange County, entered September 8, 1969, which granted the petition and denied appellant's cross motion to amend the notice *nunc pro tunc.* Order modified, on the law and the facts, by (1) striking from the first decretal paragraph (which granted the petition) the word " granted " and substituting therefor the word " denied "; (2) striking out the second decretal paragraph (which directed the county clerk to cancel and discharge the lien); and (3) adding a provision that the denials of the petition and the cross motion are without prejudice to a further application by the lienor, Inta-State, Inc., to amend the notice of lien on proper notice to all interested persons as required by statute (Lien Law, § 12-a), within 30 days after entry of the order hereon and without prejudice to renewal by petitioners of their application to cancel the lien should the lienor fail to make such further application to amend within the time herein limited or should such application to amend, if timely made, be denied. As so modified, order affirmed, without costs. Petitioners alleged that

the subject lien, since it fails to recite the agreed price or value of the labor performed or material furnished, is fatally defective under subdivision 4 of section 9 of the Lien Law, and therefore not amendable under section 12-a of the Lien Law. The instrument in dispute recites, *inter alia*, that the lienor, pursuant to contract with a general contractor, was obligated to furnish and install the complete heating and plumbing systems in a one-family residence to be erected upon land belonging to petitioners. It also states that the lienor performed all the work and provided the necessary materials to complete all of the rough plumbing and heating systems and that the boiler, a shower and plumbing trim still had to be installed. The clause in dispute, which immediately follows the above mentioned recitals, reads: " The unpaid amount of the agreed price is One Thousand Seven Hundred Fifty ($1,750) Dollars." Although the clause is vague, somewhat ambiguous and obviously does not recite the amount of the agreed price as required by subdivision 4 of section 9 of the Lien Law, we do not believe these defects to be so substantial as to bar the court from entertaining an application to amend the notice *nunc pro tunc*. Despite such imperfections, the notice sufficiently apprised petitioners, *inter alia*, as to the nature and substance of the claim, the type of work performed and materials furnished, the times when the first and last items of work and materials were performed furnished, the property subject to the lien, etc. (Lien Law, § 9). Since the amount claimed to be unpaid would not change if the lienor were permitted to supply the amount of the agreed price as to labor performed and materials furnished, and since petitioners have been cognizant of the essential nature of appellant's claim for a substantial period, we fail to ascertain how petitioners would be surprised or suffer prejudice if appellant eventually obtained the relief sought (cf. *Matter of Mengel Co. [Kensington Vil.]*, 281 App. Div. 530; *Matter of Pacemaker Constr. Corp. v. Heidi Constr. Co.*, 12 A D 2d 643; *Matter of Teitler v. McDermott & McDonald*, 282 App. Div. 953). However, while we would have reversed the order and granted the cross motion to amend the notice had there been compliance with the notice provisions of the statute (Lien Law, § 12-a), we cannot do so in the absence of compliance with those provisions and without an opportunity given to existing lienors, mortgagees or purchasers in good faith to show prejudice (cf. *Bennett Bros. v. Bracewood Realty No. 1*, 23 A D 2d 498; *Matter of Pacemaker Constr. Corp. v. Heidi Constr. Co., supra*). Hopkins, Acting P. J., Munder, Martuscello, Latham and Brennan, JJ., concur.