Richard J. Cardamons, J.
This is an application by the petitioner for an amendment of its notice of lien, nunc pro tunc, filed on December 12, 1969, pursuant to the applicable provisions of section 12-a of the Lien Law.
Upstate Builders Supply Corporation filed a lien against real property owned by Maple Knoll Apartments, Inc., for building materials and supplies (mainly patio doors) furnished to Norwich Homes, Inc. (contractor on the project), in the amount of $26,483.80 all of which was stated to be unpaid. The lien was filed for property located in Johnstown, Fulton County, New York, and was filed in the Fulton County Clerk’s office. The last item of material furnished was on December 5,1969.
' In the affidavit by its credit manager in support of this application, the lienor states that Maple Knolls, Inc. was building its apartment house complex and Upstate shipped, on May 29, 1969, $4,604 worth of patio doors to the Johnstown site where they were accepted by Norwich; a second shipment (windows) was made on June 26,1969 in the amount of $2,073.96 which was delivered to the warehouse of Norwich Homes, Inc.; and on July 7, 1969 an additional quantity of windows were delivered *36 at the warehouse in Norwich in the amount of $2,707.64. The affidavit continues, “ based upon the statement dated January 23, 1970 Norwich Homes, Inc., owes Upstate $33,254.89 through December 5, 1969 of which $30,412.39 is lienable herein ’ ’.
In an answering affidavit the Marine Bank (by its vice-president) opposes the application on the ground that the increase in the amount of the mechanic’s lien would impair the security of the mortgagee. It states, further, that it advanced the balance of the mortgage funds upon the vacation of the lien that had previously been filed on December 12, 1969.
In the affidavit of the attorney representing both Maple Knolls Apartment House, Inc., and the bank, he states that on January 27,1970 an order was obtained requiring the petitioner to serve upon the owner a verified statement setting forth the items of labor and materials which made up the amount in the mechanic’s lien filed December 12, 1969. Petitioner in compliance with said order served its itemized statement on February 5, 1970 which statement claimed that petitioner was owed for the materials furnished the Maple Knolls Apartment House project the sum of $23,680.35. The attorney further states that even though he believed that the amount in the mechanic’s lien was grossly exaggerated, he advised the owner to pay $26,864.50 to the Clerk of Fulton County for the purpose of having the mechanic’s lien discharged. The M'arine Bank, upon being advised of the lien discharge, furnished the final advance of construction funds to complete the project. The Marine Bank, subsequent to these events, sold and assigned its mortgage in the amount of $350,000 to the City and County Savings Bank which now is the present owner and holder of the mortgage.
Section 12-a of the Lien Law provides that the court may upon five days’ notice to the lienor, mortgagee and owner make an order amending a notice of lien, nunc pro tunc, providing the same is without prejudice to any existing lienor, mortgagee or purchaser in good faith.
The statute was enacted to remedy those instances where liens were defeated for technical deficiencies. Thus, an amendment under section 12-a has been granted where the verification was not subscribed (Matter of Teitler v. McDermott & McDonald, 282 App. Div. 953 [2d Dept., 1953], affd. 306 N. Y. 953 [1954]); also amendable, nunc pro tunc, is a misdescription of a part of the property against which the lien has been filed (Matter of Dorsey, 240 App. Div. 1005 [1933]; a misdescription of the true owner, Gates & Co. v. National Fair & Exposition Assn., 225 *37 N. Y. 142, 156 [1919]; cf. Matter of Heidi Constr. Corp. [Pacemaker Constr. Corp.], 20 Misc 2d 58, 59 [Sup. Ct., Westchester County, 1959]).
Here the amendment is for the purpose of stating an increased amount as unpaid. This exceeds the remedial purposes contemplated by this statute. An amendment of the notice from $50,000 to $118,000 was permitted where the amount stated as unpaid was not increased thereby (Matter of Mengel Co. [Kensington Vil.], 281 App. Div. 530, 531 [4th Dept., 1953]). Figures and amounts of notices of lien have been amended where the amount of the lien was either unchanged or reduced (Matter of Perrin v. Stempinski Realty Corp., 15 A D 2d 48, 49 [1st Dept., 1961], app. dsmd. 11 N Y 2d 931 [1962]; Matter of Pacemaker Constr. Co. v. Heidi Constr. Corp., 12 A D 2d 643 [2d Dept., I960]).
Further, the burden of furnishing sufficient reason to obtain the amendment, in any event, is on the petitioner. The moving papers here fail to sustain that burden. The petitioner states that the amount of its lien as originally filed on December 12, 1969 was in error and ascribes the reason therefor to automatic bookkeeping which made it difficult to determine the outstanding balance. Such is not sufficient as a reason to increase the amount of the lien even if section 12-a were to be construed as permitting such an increase of an unpaid balance. Again, the petitioner’s moving affidavit, upon a careful analysis, in no way demonstrates how the figure of $30,412.49 was arrived at. There is no sworn statement that the amount represents materials actually furnished to the Johnstown site with dates of delivery, items delivered and amounts therefor, but merely a conclusory statement that this amount is “ lienable ”. The only amounts in the affidavit which clearly and unequivocally state that they were delivered to the Johnstown site are two items which amount to $26,508.57 (less than the amount paid by the owner to discharge the original lien). In brief, the moving papers fail to demonstrate facts sufficient to obtain the relief which the petitioner seeks.
Finally, the claim of prejudice by the bank has clearly been shown. In reliance on the amount stated in the notice of lien, as filed, it released funds it would not otherwise have released to the owner. The owner would- also be prejudiced by an amendment since after obtaining, by court order, an itemized statement of the amount of the lien it paid this amount into the County Clerk’s office for the purpose of vacating and discharging the lien in order for the project to be completed. Thus, an amendment of the petitioner’s lien at this time would be pre *38 judicial (Matter of Perrin v. Stempinski, 15 A D 2d 48, 49, 50, supra).
Accordingly, the petitioner’s application for an amendment is denied with costs.