J. Robert Lynch, J.
Maple Knoll Apartments, Inc., called the owner, moves for an order discharging of record an amended notice of a supplemental mechanic’s lien filed against its property by Upstate Builders Supply Corp., called the lienor. In the event that the court grants this motion, the lienor moves under section 12-a of the Lien Law for an order amending its notice of a supplemental mechanic’s lien nunc pro tunc.
The difficulties between these parties are not new. They go back to the building of an apartment-complex on the owner’s property out of which the lienor filed a notice of lien in the amount of $26,483.80. It thereafter sought the permission of *647 this court, Justice Richard J. Cardamone presiding, to amend this lien to increase its amount to $30,412.39. Amendment was denied (Matter of Upstate Bldrs. Supply Corp., 63 Misc 2d 35). An unreported modification of the opinion of the court dealt with the lienor’s request to file a notice of a supplemental lien covering later-delivered materials, by pointing out that it had an adequate remedy under section 10 of the Lien Law, which does not confine a lienor to filing but one lien. Thereupon, on May 18, 1970, the lienor filed a notice of a supplemental mechanic’s lien in the amount of $5,537.23.
This lien as supplemented, together with other liens, is involved in pending foreclosure litigation in which the owner has pleaded an affirmative defense that this lienor’s lien is void for willful exaggeration. (See Lien Law, § 39.)
On September 21, 1970 the lienor' filed an amended notice of the supplemental lien which in effect reduced the lien from $5,537.23 to $1,763.18. Since this was done without the notice or the permission of the court required by section 12-a of the Lien Law, the owner’s motion to discharge it must be granted. (Bennett Bros. v. Bracewood Realty, 23 A D 2d 498; Matter of Pacemaker Constr. Co. v. Heidi Constr. Corp., 20 Misc 2d 58, mot. to dismiss app. den. 10 A D 2d 1000, 11 A D 2d 951, affd. on other grounds 12 A D 2d 643.)
But what of the lienor’s motion to amend now the supplemental notice nunc pro túnel The owner raises four objections: (1) That the proposed amended lien covers materials denied a lien by Justice Cardamons ; (2) that an amendment would prejudice the owner’s affirmative defense of willful exaggeration; (3) that the amendment seeks to construct a valid lien out of an invalid one; and (4) that the lienor has failed to prove 4 ‘ a proper case ’ ’ as required by section 12-a of the Lien Law.
The first objection finds no foundation in the facts. The last item of material of the lien considered by Justice Cardamone was furnished on December 5, 1969. The proposed amendment is for materials furnished from December 10, 1969 to February 13,1970.
The second objection finds no foundation in the law. The protection of the statute against a prejudicial amendment extends to " an existing lienor, mortgagee or purchaser in good faith, as the case may be”. An owner, not a 'purchaser in good faith, is not included. (Lien Law, § 12-a.)
Citing Libresco v. Irvine (140 N. Y. S. 2d 252), holding that the court may not permit an amendment which would create a valid lien out of an invalid one, the owner claims that the supplemental notice for which amendment is sought is itself invalid. *648 The reason given is that it includes materials already precluded by Justice Cardamons. If one noticed only the dates one would think this true. As we have stated the last item of material of the lien considered by Justice Cardamons was furnished on December 5, 1969. According to the supplemental notice, the materials which it covers were furnished from June 2, 1969 to January 23, 1970. However we must construe mechanic’s liens liberally (Lien Law, § 23) and so we cannot close our eyes to the note subscribed at the foot of the supplemental lien to the effect that it is for materials shipped in addition to those materials included in the lien considered by Justice Cardamons.
Figures in liens have been corrected by amendment where the amount of the lien remained the same (Matter of Mengel Co., 281 App. Div. 530). Amounts of liens have been reduced (Matter of Pacemaker Constr. Corp. v. Heidi Constr. Corp., 12 A D 2d 643). In at least one instance the amount has been increased (Matter of O’Neill, 182 Misc. 838). But in every instance it is not enough to show that the type of amendment sought is merely permissible. It must also be proven that in the particular instance it is proper. (Matter of Perrin v. Stempinski Realty, 15 A D 2d 48.) “ There should be some proof submitted to justify the court in allowing the amendment. This proof would have to be of the validity of the * * * amount claimed and the reason why it was not * * * in the original application.” (Matter of Perrin v. Stempinski Realty, supra, p. 50.)
The total proof here is that when the lienor’s attorney examined its record it “ appeared that the proper amount of the supplemental lien filed May 18, 1970, should have been $1,763.18, rather than $5,537.23 ”. This conclusory statement fails to sustain the lienor’s burden of proof. (See Matter of Upstate Bldrs. Supply Corp., 63 Misc 2d 35, 37.)
The motion of the lienor to amend its notice of supplemental lien is therefore denied.