Joseph Liff, J.
This application (Lien Law, § 19, subd. [6]) by the owner of real property for an order discharging a notice of mechanic’s lien because of alleged failure to comply with section 9 of the Lien Law is denied.
A photostat of the first page only of the printed form which was employed to prepare the notice is submitted. It contains the names of the owner and the tenants of the premises alleged to have been improved and of the person who engaged the lienor. The claimed deficit is that the notice omitted the name of the person with whom the contract was made (Lien Law, § 9, subd. *633 [3]) and in addition the petitioner who is the owner avers that he did not employ the lienor. The subdivision 3 last referred to provides that where the lienor is a contractor or subcontractor the notice of lien shall state the name of the person with whom the contract was made. That name is supplied although it appears in the space in the form where would he inserted the name of the person who employed the lienor. We regard this difference as being without significance here and it may be cured by an application (Lien Law, § 12-a).
Section 23 of the Lien Law enjoins us that the provisions of the statute should ‘ ‘ be construed liberally to secure the beneficial interests and purposes thereof” and that a substantial compliance with the statute will suffice. The purpose of the statute, to give notice to the owner, has been accomplished (Matter of Lycee Francais v. Calagna, 26 Misc 2d 374, 377).
Section 12-a to which we have referred permits amendments nunc pro tunc where these may be accomplished without prejudice to the rights of others. The scope of the discretion which may be exercised is indicated by subdivision 7 of section 9 which excuses the failure ‘ ‘ to state the name of the true owner or contractor ” etc.
This is not a case where there is a failure to state in the form the name of the person with whom the contract was made (cf. Lo Forte v. Omel, 50 Misc 2d 178) so that there is “ entirely lacking from the notice of lien one of the material provisions required by the statute ” (Blackman-Shapiro Co. v. Salzberg, 8 Misc 2d 972, 974). There is only one claimed defect and that of a minor nature if it is a defect at all (16 Carmody-Wait 2d, New York Practice, § 97:48; cf. Empire Pile Driving Corp. v. Hylan Sanitary Serv., 32 A D 2d 563). In Houseknecht v. Reeve (108 N. Y. S. 2d 917), the notice failed to state “ the name of the person by whom the lienor was employed or to whom he furnished materials, or the person with whom the contract was made.” Here the name was supplied, though in another space. It seems to this court that the petitioner seeks to compel the lienor to comply with a printed form rather than with the purpose and intent of the.statute. He would value “ form over substance ” (cf. Jensen, Mechanics’ Liens [4th-ed.], § 186, p. 199).
Further, subdivision 3 of section 9, following section 3 of the Lien Law created categories when it described an employer, a materialman, and then said that when the person filing was a contractor or subcontractor he would furnish the name of the person with whom he contracted. The statute did not mandate *634 that the lienor describe the person with whom he dealt as a contractor under penalty otherwise of having his lien declared invalid.
Nothing in this determination affects the owner’s right to dispute his responsibility for the work done.
The application is without merit and is dismissed.