■ In the Matter of UPSTATE BUILDERS SUPPLY CORP., Appellant. MAPLE KNOLL APARTMENTS, INC., Respondent.— Order unanimously reversed on the law and facts, with costs, and appellant's cross motion granted in accordance

with the following memorandum: Pursuant to section 12-a of the Lien Law, the lienor seeks permission to amend a supplemental notice of lien by reducing the amount thereof from $5,537.23 to $1,763.18. In denying the application, Special Term interpreted *Matter of Perrin* v. *Stempinski Realty Corp.* (15 A D 2d 48) as requiring the lienor to assume the burden of presently showing the validity of the lien, as amended. In the circumstances present, we conclude that denial of the application was an improvident exercise of discretion. We are unable to equate the facts in the case before us with the ultimate holding in *Perrin,* where the lienor proposed to *increase* the amount of the lien. Here, the lienor seeks to amend by *reducing* the lien and in such a case we are not persuaded to require a lienor to assume the burden of proving the validity of his lien. In fact *Perrin* (p. 49) recognizes the propriety of amendments where the amount of the lien is to be reduced. We take note of the lack of objection from any of the other lienors. The sole objection comes from the owner who assigns prejudice because of the possibility of losing the claim for willful exaggeration. Of course, the overstatement of the supplemental lien as originally filed does not necessarily render the lien invalid and incapable of amendment (*Matter of Heidi Constr. Corp.,* 20 Misc 2d 58, affd. *sub nom. Matter of Pacemaker Constr. Corp.* v. *Heidi Constr. Corp.,* 12 A D 2d 643). We are not required to determine the validity of respondent's claim of willful exaggeration. The right to urge that the lien is void for this reason, is always reserved for the trial. The fact of willful exaggeration may be established only in "any action or proceeding to enforce a mechanic's lien" rather than, as here, on the basis of affidavits submitted on a motion to vacate the lien (Lien Law, § 39; *Durand Realty Co.* v. *Stolman,* 197 Misc. 208, affd. 280 App. Div. 758). (Appeal from order of Onondaga Special Term denying motion to amend lien.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.