OPINION OF THE COURT
Alan D. Oshrin, J.
The question presented on this application pursuant to Lien Law § 17 to discharge the mechanic’s lien filed by JMR Concrete of Long Island Corporation (hereinafter JMR Concrete) and Hole Coring and Rental, Inc. (hereinafter Hole Coring) and to reduce the amount of the undertaking previously fixed by this court is whether the one-year period within which an extension continuing such lien is to be filed runs *977 from the date of filing of the notice of lien or the subsequently filed amended notice of lien.
On May 3, 1990 JMR Concrete filed with the County Clerk of the County of Suffolk a "Notice Under the Mechanic’s Lien Law” dated May 1, 1990. On June 19, 1990 JMR Concrete filed with the County Clerk of the County of Suffolk an instrument denominated "Amended Notice Under Mechanic’s Lien Law”, dated June 15, 1990. The instruments are identical with respect to the name of the lienor; the owner of the property; the lienor’s attorney; the interest of the owner in the property, the materials provided; the agreed price; the amount unpaid; the dates when the work was first and last performed, and the description of the property. The only variance is that the name of the person by whom the lienor was employed was changed from "Excelsior Associates, Inc. & Mark Reveline” to "Excelsior Associates, Inc. & Mark Rebolini”. By notice dated June 17, 1991 and filed with the County Clerk of the County of Suffolk on June 18, JMR Concrete "extended” its mechanic’s lien.
On April 6, 1990 Hole Coring filed with the County Clerk of the County of Suffolk a "Notice Under the Mechanic’s Lien Law” which is undated. On May 25, 1990 Hole Coring filed another instrument dated May 24, 1990 with the County Clerk of the County of Suffolk. In the instrument filed on April 6, 1990 the agreed price and value of the labor performed, the total agreed price and value and the amount unpaid to the lienor for said labor performed appears as $15,605.38. The total amount claimed for which the lien is filed and the total amount unpaid appear as $15,605. In the instrument filed on May 25, 1990 the amount in each of these places appears as $15,605.38. There are no other variances between the two instruments. An "extension” was filed with the County Clerk of the County of Suffolk on May 23,1991.
Amendments to duly filed mechanic’s liens are governed by section 12-a of the Lien Law. Lien Law § 12-a (1) provides for amendment within 60 days of the original filing without the need to resort to the courts provided no action or proceeding to enforce the mechanic’s lien has been brought in the interim. Lien Law § 12-a (2) provides that a lienor may apply to the court for an order amending a notice of lien nunc pro tune provided that no existing lienor, mortgagee or purchaser in good faith would be prejudiced by such amendment. The statute was enacted to remedy those instances where liens *978 were defeated for technical deficiencies (see, Matter of Upstate Bldrs. Supply Corp., 63 Misc 2d 35 [1970]).[1]
Correction of the defects as presented on the within application — inconsistent figures and amounts (see, Matter of Perrin v Stempinski Realty Corp., 15 AD2d 48 [1961], appeal dismissed 11 NY2d 931 [1962]) and minor misnomer of person by whom lienor was employed (see, Matter of Adamo v Sentry Bldrs. Corp., 67 Misc 2d 632 [1971]; cf., Houseknecht v Reeve, 108 NYS2d 917 [1951] [where court held the failure to state the name of the person by whom employed, or to whom materials were furnished or with whom the contract was made was a material defect]) are precisely the types of technical errors the section was designed to cure. Additionally, neither a misstatement of the amount unpaid (see, Matter of Mengel Co. v Kensington Vil., 281 App Div 530 [1953]) or the misdescription or incomplete description of the person or entity by whom the lienor was employed (see, Matter of Arbeit v Jillar Realty Corp., 29 Misc 2d 94 [1961]) would have invalidated the notice of lien in the first instance.
Having noted the common law before the 1932 enactment of Lien Law § 12-a, that the statute is remedial in nature and the defect intended to be cured (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 95) the rules of statutory construction and interpretation must now be applied to determine whether it was the intention of the Legislature that the amended notice of lien be considered filed as of the date of the subsequent filing or as of the date of the initial filing.
In accordance with the general rules of statutory construction, amendments and the original statute are to be construed together and the original act with all its amendments are to be viewed as one law passed at the same time (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 192). Similarly, a statute must be construed as a whole; its particular parts, provisions or sections considered together and with reference to each other (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 97). If there are two possible interpretations of a statute the court should adopt that which will produce equal results (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 147). Additionally, in the absence of anything to indicate a *979 contrary legislative intent, technical or special words in a statute are to receive a technical or special meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 233).
As originally enacted Lien Law § 12-a provided only for application to the court for an order amending a notice of lien nunc pro tune. Examining the operative terms, amend means “to change for the better by removing defects or faults”; "to improve” (Black’s Law Dictionary 80 [6th ed 1990]). Nunc pro tune “signifies now for then, or, in other words, a thing is done now, which shall have same legal force and effect as if done at time when it ought to have been done” (Black’s Law Dictionary 1069 [6th ed 1990]). Ascribing to these terms their technical meaning, therefore, the Legislature intended that defects in a notice of mechanic’s lien, not sufficient to preclude the existence of a valid lien (see, Matter of Naclerio Contr. Co. v Rialto Realty Corp., 28 Misc 2d 957 [1961]) could be cured such that the lien as originally filed would appear to contain no error. The cured notice would relate back to the originally filed notice of mechanic’s lien.
With the 1971 amendment the Legislature permitted a lienor to amend his notice of lien without the necessity of judicial intervention if done within 60 days after the original filing provided no action or proceeding to enforce or cancel the mechanic’s lien had been brought in the interim. Considering this provision together with, and with reference to, the original statute the defect to be cured must be minor and the notice of mechanic’s lien once cured must relate back to the originally filed instrument. To interpret this provision otherwise would afford a lienor who is permitted to or who elects to proceed without application to the court rights more expansive than the lienor who makes application to the court for an order amending a notice of lien nunc pro tune.
Therefore, the date from which the one-year period within which a lienor must file an extension continuing such lien[2] runs is the date of original filing which is the only "filing” which actually occurs by operation of section 12-a when a lienor amends his lien to cure a minor defect contained in his notice of lien as originally filed. Inasmuch as the extension filed with the County Clerk by JMR Concrete on June 18, *980 1991 was more than one year from the filing of the original notice of lien on May 3, 1990, JMR Concrete’s lien has lapsed. Similiarly, as the extension filed with the County Clerk by Hole Coring on May 23, 1991 was more than one year from the filing of the original notice of lien on April 6, 1990, Hole Coring’s lien has lapsed.
Accordingly, each lien having lapsed prior to the filing of an extension with the County Clerk, the respective extensions are of no effect and the liens of JMR Concrete and Hole Coring are discharged.
The undertaking in the amount of $350,000 previously fixed by this court in its order dated March 25, 1991 is hereby reduced and fixed in the amount of $17,500.

. "Prior to 1932 no amendment of any kind was permissible and a notice of lien defective in any way was ineffectual and incurable” (see, Matter of Perrin v Stempinski Realty Corp., 15 AD2d 48, 49 [1961], appeal dismissed 11 NY2d 931 [1962]).

. Lien Law § 17 provides that no mechanic’s lien "shall be a lien for a longer period than one year after the notice of lien has been filed, unless * ** * an extension to such lien * * * is filed with the county clerk of the county in which the notice of lien is filed within one year from the filing of the original notice of lien”.