■ EFCO CORPORATION, Respondent, v HELENA ASSOCIATES LLC et al., Appellants. [846 NYS2d 39]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 18, 2007, which granted defendants' motion for reargument and, upon reargument, adhered to its original determination entered March 13, 2007, denying defendants' motion for summary judgment dismissing the complaint and vacatur of plaintiff's notice of a mechanic's lien, and granting plaintiff's cross motion to amend the complaint and to file an amended lien, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 13, 2007, unanimously dismissed, without costs, as superseded by the appeal from the order of June 18, 2007.

Although the notice of lien did not set forth "[t]he labor performed or materials furnished and the agreed price or value thereof," as required by Lien Law § 9 (4), it stated the total amount of the agreed price and value that was unpaid. As no other defects were alleged with regard to the otherwise detailed notice of lien, we find that plaintiff substantially complied with the requirements of Lien Law § 9 (*see* Lien Law § 23), and that the court correctly concluded that the defect at issue was amendable pursuant to Lien Law § 12-a (*see Matter of Nimke v Inta-State, Inc.*, 34 AD2d 675, 676 [1970]; *Matter of Mengel Co., Inc. [Kensington Vil., Inc.]*, 281 App Div 530 [1953]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.